LINSEY RENEE SIMCOX, by and through her Natural Guardian, Deborah Ann Dear, Plaintiff-Appellant, v. CHRISTOPHER ALLEN SIMCOX, Defendant-Appellee (Jeffrey Mitchell Dear, Defendant-Appellant).

First District (2nd Division)   No. 87—2110

Opinion filed September 27, 1988.

David M. Mattenson and William J. Arendt, both of Kanter & Mattenson, Ltd., of Chicago, for appellants.

Helen Sigman, of Legal Aid Bureau, of Chicago, for appellee.

JUSTICE BILANDIC delivered the opinion of the court:

This appeal arises out of the dismissal of a petition to declare paternity brought by a four-year-old minor, Linsey Renee Simcox (Linsey), through her mother and natural guardian, Deborah Ann Dear (Deborah), under the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*). Christopher Allen Simcox (Christopher) is the "presumed" father because he was married to Deborah at the time of Linsey's birth and for several years prior thereto. Defendant Jeffrey Mitchell Dear (Jeffrey) is the alleged biological father (the putative father).

Christopher, the presumed father, filed a motion to dismiss the petition pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), to which petitioner Linsey responded. The trial court dismissed the petition with prejudice on the theory of *res judicata* and collateral estoppel because it concluded that the paternity of Linsey was resolved in the judgment of dissolution of the marriage of Deborah and Christopher. It further concluded that both Linsey, the child, and Jeffrey, the alleged biological father, are estopped from initiating and maintaining a paternity action. Petitioner Linsey appeals and defendant Jeffrey joins in her appeal.

The following ultimate facts are established by the allegations of the petition, motion to dismiss, and response thereto.

Deborah and Christopher were married on June 7, 1980, in Marion, Illinois. They lived in Carbondale. In late April 1982, Christopher vacated the marital residence and established a separate residence. At about the same time, Jeffrey allegedly engaged in sexual intercourse with Deborah and she became pregnant. In July 1982, Christopher resumed residency with Deborah. Deborah gave birth to Linsey on January 24, 1983.

Deborah filed for divorce in late 1983 and an uncontested judgment of dissolution was entered on March 22, 1984. That judgment, which incorporates a marital settlement agreement, recites:

"4. That born to the parties during their marriage was one minor child, namely, Linsey Renee Simcox, born January 23, 1983; that no children were adopted by the parties during their marriage; and that plaintiff is not presently pregnant."

The agreement provided that Deborah would have custody of Linsey, subject to Christopher's rights of reasonable visitation, and Christopher was directed to pay $150 per month as child support.

On November 8, 1986, Deborah married Jeffrey, the alleged biological father. On February 5, 1987, Linsey, by her mother and natural guardian, Deborah, brought this paternity action against Christopher and Jeffrey pursuant to the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*). Linsey sought: (1) a determination of father and child relationship between Jeffrey and Linsey; (2) declaration of the "non-existence of the parent and child relationship" between Christopher and Linsey; (3) a change in Linsey's last name to Dear (Jeffrey's last name); (4) a new birth certificate; (5) joint custody in Deborah and Jeffrey; and (6) reservation of Jeffrey's support obligation.

The child's verified petition does not allege facts concerning a blood test. However, in her response to the motion to dismiss, she alleges that blood tests were performed shortly before filing the petition. Those tests allegedly indicate that Jeffrey is in fact the biological father.

After argument, the trial court granted Christopher's section 2—619 motion to dismiss the petition. This appeal followed. The issue presented is whether the trial court properly dismissed the child's petition.

■ The doctrine of "[p]ater est quem nuptiae demonstrat—the presumption that the husband of the mother of a child born during marriage is the father of that child—is often said to be one of the strongest presumptions known to the law. Although the presumption is rebuttable in appropriate circumstances, the Uniform Parentage

Act (UPA) provides that it may be challenged \*\*\*." (Note, *R. McG. & C.W. v. J.W. & W.W.*: The Putative Father's Right to Standing to Rebut the Marital Presumption of Paternity, 76 Nw. U.L. Rev. 669, 669 (1981).) Illinois adopted the Uniform Parentage Act (hereinafter the Act) in 1984. (Ill. Rev. Stat. 1985, ch. 40, par. 2501.) After codifying the presumption and its rebuttable nature, the Illinois Act also provides that "[a]n action to determine the existence of the father and child relationship, whether or not such a relationship is already presumed \*\*\* may be brought by the child." Ill. Rev. Stat. 1985, ch. 40, par. 2507(a).

■ Where a former adjudication is relied upon as an absolute bar, there must be, as between the actions, identity of parties, of subject matter, and of cause of action. (*Smith v. Bishop* (1962), 26 Ill. 2d 434, 187 N.E.2d 217.) The basis of the doctrine is that the party to be affected, or someone with whom he is in privity, has litigated or has had an opportunity to litigate the same matter in a former action. (26 Ill. 2d at 437.) The law is clear that one is not estopped or barred by a prior adjudication if he was not a party to such action and does not stand in the relation of privity to one who was a party. (26 Ill. 2d at 438.) Thus, the issue becomes whether a minor child is in privity with her custodial parent.

Privity contemplates a mutual or successive relationship to the same property rights which were the subject matter of prior litigation. (26 Ill. 2d at 438.) Generally, children are not precluded by judgments against their parents where they have separate rights or interests. 23A Ill. L. & Prac. §395 (1979), citing *Greenlee v. John G. Shedd Aquarium* (1977), 66 Ill. 2d 381, 362 N.E.2d 1050.

In *Pelham v. Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E.2d 96, children brought a legal malpractice action against their mother's former divorce attorney. The children alleged negligent representation of their interests in the divorce case. The issue was whether the attorney owed a duty of care to the children. The court stated that the divorce proceeding was solely for the benefit of the husband and wife and not for the benefit of the children. Divorce proceedings are for the purpose of dissolving marital bonds, dividing marital property and adjudicating the custody of minor children. (92 Ill. 2d at 25.) The court held, however, that the children had only incidental rights as indirect beneficiaries of the divorce action and lacked standing to sue. Thus, there is support for the proposition that a minor is not in privity with a parent.

■ In the instant case, Linsey was not a named party in the divorce action. Thus, it appears that under the Act, the child has an in-

dependent right to a cause of action and thus the right to rebut the presumption that Christopher is her father. It has been held or recognized in virtually every case considering the question that a finding or implication of a child's paternity resulting from an earlier divorce or annulment proceeding is not binding on the child in any subsequent action unless the child was party to the prior proceeding. (78 A.L.R.3d 846, 851 (1977).) It is, however, binding on the parents, *i.e.*, the parties whose marriage is being dissolved.

While there are no Illinois cases on point, other jurisdictions are included in the annotation. In sum, the cases cited in the annotation stand for the proposition that a finding of paternity included in a divorce decree explicitly or by implication was not binding upon a child in a subsequent proceeding involving the child and the former husband of the child's mother because the child had not been a party to the divorce action. 78 A.L.R.3d 846, 864-65 (1977); *In re Adoption of Stroope* (1965), 232 Cal. App. 2d 581, 43 Cal. Rptr. 40 (child and husband); *In re Estate of Walker* (1917), 176 Cal. 402, 168 P. 689 (between child and stranger to decree).

In the instant case, Christopher and Jeffrey lay claim to an exclusive interpersonal relationship between themselves and the child. The presumption that Christopher is the child's father can be overcome by clear and convincing evidence and the relationship can be judicially established only in an action to which the child is a party. The child is given that right by the Act. Thus, the court erred when it concluded that *res judicata* and collateral estoppel barred both the child and the biological father from bringing or maintaining this action.

Accordingly, the judgment of the circuit court of Cook County is reversed and this cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

HARTMAN, P.J., and SCARIANO, J., concur.