AZURE LEE MALLER, through her Mother and Next Friend Gail Maller, Plaintiff-Appellant, v. IRWIN COHEN, Defendant-Appellee (The Department of Public Aid, Intervenor-Appellant).

First District (3rd Division)   Nos. 87—2199, 87—2492 cons.

Opinion filed November 30, 1988.

Richard M. Daley, State's Attorney, of Chicago (Deborah Petro, Assistant State's Attorney, of counsel), for appellant Illinois Department of Public Aid.

Joan S. Colen, Aviva Futorian, James O. Latturner, and Cathleen Cohen, all of Chicago, for appellant Azure Lee Maller.

Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago (Miles N. Beermann and Howard A. London, of counsel), for appellee.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

In 1981, Gail Maller filed an action to establish that Irwin Cohen was the father of her daughter, Azure, who was born on May 23, 1975. Because the Illinois Paternity Act (Ill. Rev. Stat. 1981, ch. 40, pars. 1351 through 1368) required such actions to be filed within two years of a child's birth, Gail's suit was dismissed.

The State of Tennessee had a similar two-year limitation on paternity actions. On June 6, 1983, the United States Supreme Court declared that Tennessee's statute was unconstitutional because it violated the equal protection clause of the fourteenth amendment. (*Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199.) The Supreme Court stated that the imposition of a two-year period within which a paternity suit must be brought restricts the right of certain illegitimate children to paternal support in a way that

the identical right of legitimate children is not restricted. Applying the principles of *Pickett,* we concluded in *Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24, that the two-year limitations period of the Illinois Paternity Act was unconstitutional in that it denied certain illegitimate children the equal protection of the law. The Illinois legislature responded to these rulings by adopting the Illinois Parentage Act of 1984[1] (Ill. Rev. Stat. 1985, ch. 40, pars. 2501 through 2526), under which, for the first time, a child was afforded the right to bring an action to establish the father-child relationship until two years after reaching the age of majority. It is under the Parentage Act that, on July 11, 1986, Azure brought this action to establish that Cohen is her father. The Illinois Department of Public Aid (IDPA), a public agency providing financial support to Azure, was granted leave to intervene. On February 23, 1987, the trial court dismissed the action and both Azure and IDPA appeal.

■ On appeal, Cohen maintains that the trial court properly dismissed Azure's action. Cohen argues that, pursuant to Illinois Supreme Court Rule 273 (107 Ill. 2d R. 273) and the doctrine of *res judicata,* Azure's action is barred by the dismissal of her mother's suit, even though the dismissal was based on a limitations statute later held unconstitutional. Cohen states correctly that Supreme Court Rule 273 makes a dismissal based on a general statute of limitations an adjudication upon the merits. (107 Ill. 2d R. 273; *Muscare v. Voltz* (1982), 107 Ill. App. 3d 841, 438 N.E.2d 620.)[2] Further, under the doctrine of *res judicata,* a final judgment on the merits precludes all parties and their privies from bringing a new action relating to the same subject matter. However, we do not believe that the doctrine of *res judicata* should be applied in this context. It is clear that Azure was not a party to the action filed by Gail in 1981. Indeed, in 1981, Azure had no legal right of action against Cohen. Moreover, we refuse to hold that Azure was the privy of her mother, Gail, although their actions are based upon the same event: Azure's birth. It is the recognition of the difference of the interests of the unwed mother and those of the child in filing suit that is the basis for the *Pickett* and

[1]Public Act 83—1372 repealed the Illinois Paternity Act effective July 1, 1985, and adopted the Illinois Parentage Act effective July 1, 1985.

[2]The *Muscare* court noted that a general statute of limitations is an act limiting the time within which legal action shall be brought and affects the remedy only and not the substantive right. Thus, the bar of a general statute of limitations is a procedural issue and not a jurisdictional matter, and dismissal for failure to comply with a general statute of limitations does not fall within the exception contained in Rule 273 regarding dismissals for lack of jurisdiction.

*Jude* rulings, and the basis for our opinion today. In *Pickett*, Justice Brennan, discussing the obstacles to filing a paternity action faced by an unwed mother, observed:

> "The mother may experience financial difficulties caused not only by the child's birth, but also by a loss of income attributable to the need to care for the child. Moreover, 'continuing affection for the child's father, a desire to avoid disapproval of family and community, or the emotional strain and confusion that often attend the birth of an illegitimate child,' [citations] may inhibit a mother from filing a paternity suit on behalf of the child within two years after the child's birth. *** [T]he emotional strain experienced by a mother and her desire to avoid family or community disapproval 'may continue years after the child is born.'" (*Pickett*, 462 U.S. at 12-13, 76 L. Ed. 2d at 382-83, 103 S. Ct. at 2206.)

Barring Azure's action to adjudicate the father-child relationship because of the failure of her mother to file suit within the time provided in the Paternity Act would perpetuate the very restriction that was held unconstitutional.

■ Cohen argues that if we find no privity between Azure and her mother, "a defendant could be required to defend three separate paternity actions involving the same child. A jury could find for the defendant in an action brought by the mother. The child could then bring another action, contending that she was not bound by the verdict. Even if the child loses after an evidentiary hearing, IDPA could bring a third action because it would not be bound by the first two verdicts. Obviously, such a scenario is absurd." However, no such scenario need result from the resolution of the facts of this case. We do not have here a judgment against the mother based on a jury verdict, but a judgment based on the mother's failure to file her complaint in time. The issue here is whether, in that filing, she was in privity with Azure. The Paternity Act, under which Gail filed and Azure could not file, was premised on the presumption that the mother would act in the best interests of the child. (*Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 344 N.E.2d 447.) The United States Supreme Court and this court have found this presumption to be inaccurate as applied to the timely filing of actions against putative fathers, and statutes predicated on that presumption were held unconstitutional. In the present case, it cannot be said that Gail was acting in Azure's best interest when Gail filed the paternity action four years late. In accord with the rationale of *Pickett* and *Jude*, we hold that, in Gail's filing of the action to establish that Cohen was the father of Azure, there was no

privity between Gail and Azure.

Cohen relies upon *Fite v. King* (Tex. Ct. App. 1986), 718 S.W.2d 345, to support his position that dismissal of a time-barred paternity action precludes a second action. While it is true that the *Fite* court dismissed a mother's second paternity action, its ruling is consonant with our ruling in the instant case. The *Fite* court virtually invited the child to file an action on his own behalf, stating:

> "This appeal is considered only in light of the existing parties. Both actions against King were brought in Fite's capacity as mother of the child; the child has not been represented in an individual capacity. We do not pass judgment on the child's rights, as that issue is not before this court." (*Fite,* 718 S.W.2d at 346.)

The *Fite* court thus implied that an action filed by the child or on behalf of the child would not be barred by the dismissal of the mother's actions.

Azure notes in her brief that "no court has permitted the prior dismissal of a paternity action on non-substantive grounds to bar a subsequent action by a child to establish paternity." We decline to be the first.

■■ Cohen next argues that section 25 of the Parentage Act (Ill. Rev. Stat. 1985, ch. 40, par. 2525)[3] bars this action. Cohen relies on that portion of the section which reads: "[T]he repeal of the 'Paternity Act' *** shall not affect rights or liabilities which have accrued thereunder and which have been determined, settled or adjudicated prior to the effective date of this Act ***." (Ill. Rev. Stat. 1985, ch. 40, par. 2525.) This provision extends finality to cases brought under the Paternity Act but its application is limited to rights and liabilities which have been "determined, settled or adjudicated." Azure did not file an action under the Paternity Act and no amount of sophistry can make the dismissal of Gail's action under the Paternity Act a determination, settlement or adjudication of Azure's claim. Moreover, the sec-

---

[3]The section reads in its entirety: "Except as provided in Section 8 of this Act, the repeal of the 'Paternity Act,' approved July 5, 1957, as amended, shall not affect rights or liabilities which have accrued thereunder and which have been determined, settled or adjudicated prior to the effective date of this Act or which are the subject of proceedings pending thereunder on such effective date. Provided further, this Act shall not be construed to bar an action which would have been barred because the action had not been filed within the then applicable time limitation, or which could not have been maintained under the 'Paternity Act,' approved July 5, 1957, and repealed hereunder, as long as the limitations periods set forth in Section 8 of this Act are complied with." Ill. Rev. Stat. 1985, ch. 40, par. 2525.

ond sentence of section 25 clearly supports Azure's position that her claim is not barred. That sentence provides that the Parentage Act "shall not be construed to bar an action which *** could not have been maintained under the 'Paternity Act' " as long as the limitation periods of the Parentage Act are complied with. (Ill. Rev. Stat. 1985, ch. 40, par. 2525.) Azure did not have a cause of action under the Paternity Act and could not maintain an action against Cohen under that act. It follows that section 25 of the Parentage Act cannot be construed to bar Azure's action.

■■ Cohen also maintains that the doctrine of *res judicata* bars the claim of the Illinois Department of Public Aid. Cohen observes that section 10—1 of the Public Aid Code (Ill. Rev. Stat. 1987, ch. 23, par. 10—1) provides in part:

> "By accepting financial aid under this Code, a spouse or a parent or other person having custody of a child shall be deemed to have made assignment to the Illinois Department for aid *** of any and all rights, title, and interest in any support obligation up to the amount of financial aid provided. The rights to support assigned to the Illinois Department of Public Aid *** shall constitute an obligation owed the State *** by the person who is responsible for providing the support, and shall be collectible under all applicable processes."

Cohen contends that IDPA is asserting rights which, by operation of statute, were assigned to it by Gail, and IDPA is thus in privity with her. We must reject this argument, however, for two reasons. First, IDPA was not a party, or the privy of a party, to the action Gail filed in 1981. Under the Paternity Act, IDPA could bring an action to establish paternity only "in behalf of a minor child who is receiving financial aid under 'The Illinois Public Aid Code.' " (Ill. Rev. Stat. 1981, ch. 40, par. 1354.) IDPA was not furnishing financial assistance to either Azure or Gail in 1981. IDPA, therefore, had no claim against Cohen and no interest in the suit filed by Gail. IDPA's interest in reimbursement of assistance that it provided to Azure from 1985 to the present could not be affected by the outcome of Gail's lawsuit. (Compare *Country Mutual Insurance Co. v. Regent Homes Corp.* (1978), 64 Ill. App. 3d 666, 380 N.E.2d 516.) Second, we do not believe that IDPA's claim under the Parentage Act is dependent upon the validity of the assignment IDPA has from Gail. Section 7 of the Parentage Act provides that an action to determine the existence of the father-child relationship "may be brought by the child; the mother; a pregnant woman; any person or public agency who has custody of, or is providing or has provided financial support to, the child." (Ill. Rev. Stat.

1987, ch. 40, par. 2507.) In such an action, the "Court may order any child support payments to be made for a period prior to the commencement of the action, including payments to reimburse any public agency for assistance granted on behalf of the child." (Ill. Rev. Stat. 1987, ch. 40, par. 2514.) These sections and the remainder of the Parentage Act do not require that IDPA have a valid assignment from Gail nor do they condition IDPA's claim upon any claim that Gail may have. We will not impose such conditions upon IDPA's claim under the Parentage Act merely because the Public Aid Code grants IDPA an assignment from Gail.

We hold that both Azure and IDPA have a right to litigate her parentage which has not been barred by the prior dismissal of Gail's action, and we, therefore, reverse the order of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

McNAMARA and FREEMAN, JJ., concur.