(No. 67876.—

LINSEY RENEE SIMCOX, by and through her Natural Guardian, Deborah Ann Dear, Appellee, v. CHRISTOPHER ALLEN SIMCOX *et al.* (Christopher Allen Simcox, Appellant; Jeffrey Mitchell Dear, Appellee).

*Opinion filed October 25, 1989.*

Victor Brown and Helen Sigman, of Chicago, for appellant.

William J. Arendt, of Kanter & Mattenson, Ltd., of Chicago, for appellees.

CHIEF JUSTICE MORAN delivered the opinion of the court:

Plaintiff, Linsey Renee Simcox, by and through her mother and natural guardian, Deborah Ann Dear (Deborah), filed this paternity action in the circuit court of Cook County against defendants, Jeffrey Mitchell Dear (Jeffrey) and Christopher Allen Simcox (defendant), pursuant to the Illinois Parentage Act of 1984 (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*). Plaintiff sought: (1) to determine the existence of the father and child relationship between herself and Jeffrey; (2) to declare nonexistent the parent and child relationship between herself and defendant; (3) to change her name from Linsey Renee Simcox to Linsey Renee Dear; (4) a new birth certificate; (5) to have custody vested jointly in Deborah and Jeffrey; and (6) to reserve Jeffrey's support

obligation. Defendant filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). The circuit court granted defendant's motion and dismissed plaintiff's paternity action with prejudice. The circuit court held that the doctrines of collateral estoppel and *res judicata* barred both plaintiff and Jeffrey from bringing paternity actions pursuant to the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*), because a judicial finding of paternity was included in Deborah and defendant's uncontested judgment of dissolution of marriage. Plaintiff appealed and Jeffrey joined in the appeal.

On appeal, the appellate court reversed the circuit court. The appellate court held that the doctrines of collateral estoppel and *res judicata* did not bar plaintiff or Jeffrey from bringing a paternity action. The appellate court reasoned that plaintiff and Jeffrey were not parties nor were they in privity with the parties to the dissolution action, although a judicial finding of paternity was included in Deborah and defendant's uncontested judgment of dissolution of marriage. (175 Ill. App. 3d 473.) This court granted defendant's petition for leave to appeal (107 Ill. 2d R. 315).

The issues presented for review are: (1) whether plaintiff is barred from bringing this paternity action pursuant to the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*); and (2) whether Jeffrey is barred from bringing a paternity action pursuant to the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*).

On June 7, 1980, Deborah and defendant were married in Marion, Illinois. Their marital residence was in Carbondale, Illinois. In April 1982, defendant left the marital residence and established a separate residence. About that same time, Jeffrey allegedly engaged in sexual intercourse with Deborah and she became pregnant. In July 1982, defendant returned to the marital resi-

dence to live with Deborah. On January 24, 1983, Deborah gave birth to plaintiff.

In late 1983, Deborah filed for divorce from defendant. On March 22, 1984, the circuit court of Jackson County entered the uncontested judgment of dissolution of marriage, thereby dissolving Deborah and defendant's marriage. The uncontested judgment of dissolution of marriage provided in part:

"4. That born to the parties during their marriage was one minor child, namely, Linsey Renee Simcox, born January 24, 1983; that no children were adopted by the parties during their marriage; and that [Deborah] is not presently pregnant."

On November 8, 1986, Deborah married Jeffrey. On February 5, 1987, plaintiff filed this paternity action against Jeffrey and defendant. On April 16, 1987, defendant filed his motion to dismiss (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). Although plaintiff's verified complaint failed to allege facts concerning a blood test (Ill. Rev. Stat. 1985, ch. 40, par. 2511), her response to defendant's motion to dismiss alleged that blood tests were performed and that those tests indicated that Jeffrey was the biological father.

On June 4, 1987, the hearing on defendant's motion to dismiss was held. That same day, the circuit court granted defendant's motion. Plaintiff appealed, Jeffrey joined in the appeal, the appellate court reversed and the instant appeal ensued.

The first issue presented for review is whether plaintiff is barred from bringing this paternity action pursuant to the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*). In regard to plaintiff, section 7 of the Act provides in part:

"(a) An action to determine the existence of the father and child relationship, whether or not such a rela-

tionship is already presumed under Section 5 of this Act, may be brought by the child; ***.

   (b) An action to declare the non-existence of the parent and child relationship may be brought by the child, *** under Section 5 of this Act." (Ill. Rev. Stat. 1985, ch. 40, pars. 2507(a), (b).)

Therefore, plaintiff is entitled to bring this paternity action under both sections 7(a) and (b) of the Act.

Notwithstanding plaintiff's statutory right to maintain a paternity action, the doctrines of collateral estoppel and *res judicata* could bar her from bringing such an action. The doctrine of collateral estoppel provides that an issue which has been addressed by a court of competent jurisdiction cannot be relitigated in a later action between the same parties or their privies in the same or a different cause of action. (*Suttles v. Vogel* (1988), 126 Ill. 2d 186, 195-96.) There is no doubt that the paternity issue raised here was addressed by the circuit court of Jackson County in the prior dissolution proceedings. However, plaintiff was not a party to those proceedings. As such, it must be determined whether plaintiff was a privy of the parties to the dissolution proceedings.

Although this court has not addressed the privy question in the context of a dissolution proceeding, several other courts have addressed the issue and have held that children are *not* privies of their parents, because the interests of children are not properly represented in such proceedings. (*Baker v. Williams* (Miss. 1987), 503 So. 2d 249, 254-55; *Gatt v. Gedeon* (1984), 20 Ohio App. 3d 285, 287, 485 N.E.2d 1059, 1061-62; *S. v. S.* (Mo. App. 1980), 595 S.W.2d 357, 358; *Beckwith v. Beckwith* (D.C. 1976), 355 A.2d 537, 544; *Buzzell v. Buzzell* (Me. 1967), 235 A.2d 828, 831; *In re Adoption by K* (Bergan County Ct. 1966), 92 N.J. Super. 204, 207, 222 A.2d 552, 553; see also Annot., 78 A.L.R.3d 846 (1977).) Similarly, this court has held that a mother, the administratrix in an es-

tate proceeding, and her daughter, the plaintiff in a subsequent personal injury action which arose from the same circumstances as the prior estate proceeding, were not privies. *Greenlee v. John G. Shedd Aquarium* (1977), 66 Ill. 2d 381, 382-85.

We, therefore, hold that children are *not* privies of their parents in dissolution proceedings and, as such, are not bound by findings of paternity in such proceedings unless they are parties to the proceedings. Accordingly, the doctrine of collateral estoppel does not bar plaintiff from bringing this paternity action.

The doctrine of *res judicata*, which is similar to the doctrine of collateral estoppel, provides that "a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." (*Kinzer v. City of Chicago* (1989), 128 Ill. 2d 437, 446.) Again, there is no doubt that plaintiff was not a party to the prior dissolution proceedings and, as previously determined, she was not a privy of her parents, the parties to those proceedings. Accordingly, the doctrine of *res judicata* does not bar plaintiff from bringing this paternity action.

Thus, the appellate court was correct in reversing the circuit court and in concluding that neither collateral estoppel nor *res judicata* bars plaintiff from bringing this paternity action. As such, we affirm the appellate court's decision as it applies to plaintiff and, accordingly, hold that she is not barred from bringing this paternity action pursuant to the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*).

The second issue is whether Jeffrey is barred from bringing a paternity action pursuant to the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*). In regard to Jeffrey, section 7(a) of the Act provides in part:

"(a) An action to determine the existence of the father and child relationship, whether or not such a relationship is already presumed under Section 5 of this Act, may be brought by *** a man *** alleging himself to be the father of the child ***." (Ill. Rev. Stat. 1985, ch. 40, par. 2507(a).)

Therefore, Jeffrey is entitled to bring a paternity action under section 7(a) of the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2507(a)).

Although Jeffrey is entitled to bring a paternity action pursuant to the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*), a determination of whether he is barred from bringing such an action is not ripe for review. The ripeness doctrine establishes the rule that courts will not render a decision unless a justiciable case or controversy exists and, notably, a hypothetical case or controversy does not satisfy the requirements of the ripeness doctrine. *Poe v. Ullman* (1961), 367 U.S. 497, 507, 6 L. Ed. 2d 989, 998, 81 S. Ct. 1752, 1758.

This issue presents a prime example of a hypothetical case, because Jeffrey, who was named as a defendant in plaintiff's paternity action, *never brought or attempted to bring a paternity action* pursuant to the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*) and, accordingly, it would be premature to determine whether he is barred from bringing such an action. As such, the circuit court prematurely barred Jeffrey from bringing a paternity action pursuant to the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*) and the appellate court prematurely addressed that issue on appeal. We, therefore, vacate *both* the appellate court and circuit court decisions as they apply to Jeffrey and decline to address the issue regarding whether Jeffrey is barred from bringing a paternity action pursuant to the Act (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*).

For the reasons stated above, the judgment of the appellate court is affirmed in part and vacated in part and the judgment of the circuit court is vacated in part. This cause is remanded to the circuit court for proceedings consistent with this opinion.

*Appellate court affirmed in part and vacated in part; circuit court vacated in part; cause remanded.*

JUSTICE RYAN, specially concurring:

I concur with the holding of the opinion filed in this case. I point out, however, that pursuant to section 506 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 506), in dissolution cases the court may appoint an attorney to represent the interests of a minor, or a guardian *ad litem* for the child. It appears that no such attorney or guardian *ad litem* was appointed in this case. By my concurrence I do not intend to convey the impression that I would have favored a similar holding had an attorney or guardian *ad litem* been appointed for the child in this dissolution proceeding. Such a case, in my mind, would have presented a different question, the resolution of which must be reserved for another day.