THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* MARY RICE, Plaintiff-Appellant, v. ARTHUR GRAVES, Defendant-Appellee.

Fourth District   No. 4—89—0381

Opinion filed November 30, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Jan E. Hughes, Assistant Attorney General, of counsel), for appellant.

No brief filed for appellee.

JUSTICE SPITZ delivered the opinion of the court:
This is an appeal by the State from an order of the circuit court of Macon County dismissing a petition to establish parentage and support filed against respondent Arthur Graves by the State, as related by Mary Rice, on behalf of her minor child, Timothy Rogers. It is respondent's contention, and the trial court agreed, that the instant proceeding was barred by the fact a paternity action filed by the State on the relation of Mary J. Rogers was dismissed for want of prosecution, without prejudice, on March 8, 1976. It is not disputed Mary J. Rogers is now Mary Rice.

■ Initially, it should be noted the consideration of this case proceeded without the benefit of an appellee's brief being filed by respondent. However, the case will not be reversed for that reason alone since, although the issue is a delicate one, the record is simple and the claimed error is such that this court can decide the case on the merits without the aid of an appellee's brief. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

In *Maller v. Cohen* (1988), 176 Ill. App. 3d 987, 531 N.E.2d 1029, the court discussed the impact of a prior dismissal of a mother's paternity action on the subsequent action on behalf of the child brought under the Illinois Parentage Act of 1984 (Parentage Act) (Ill. Rev. Stat. 1987, ch. 40, par. 2501 *et seq.*). Effective July 1, 1985, Public Act 83— 1372 (1984 Ill. Laws 2627) repealed the Paternity Act (Ill. Rev. Stat.

1981, ch. 40, par. 1351 *et seq.*) and adopted the Parentage Act. While *Maller* specifically discusses the *res judicata* effect of the prior dismissal and not the question of whether a second action can be filed at all, *Maller* does correctly point out that under the Paternity Act, the child was not a party to the suit, whereas the second action under the Parentage Act was an action brought on behalf of the child.

As a result, the *Maller* court decided the doctrine of *res judicata* did not bar the second action. It is not clear whether the *Maller* court would have decided collateral estoppel would not bar relitigation of the paternity issue on the merits simply because the child was not a party to the original suit or in privity with such a party. (See *Simcox v. Simcox* (1989), 131 Ill. 2d 491.) In any event, we believe the statute of limitations does not bar the second action in the case at bar so as to frustrate the public policy of the State that, if parentage can be proved, the father should be supporting his child. While the mother herein may be prohibited from filing another suit, the child is not so barred. An action under the Parentage Act may be brought by or on behalf of the child not later than two years after the child attains the age of majority. (Ill. Rev. Stat. 1987, ch. 40, par. 2508(a)(1).) Technically, the child had no cause of action under the Paternity Act and, therefore, the dismissal of the mother's suit has no effect whatsoever on the right of the child to bring an action under the Parentage Act.

Therefore, we need not decide, as the State asks us to do, the application of the facts of this case to section 13—217 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 13—217 (formerly Ill. Rev. Stat. 1975, ch. 83, par. 24a)), which allows the refiling of suits dismissed for want of prosecution, without prejudice, within one year of dismissal or within the remainder of the limitation period, whichever is greater. The State would have us consider section 13—217 in light of the intervening decisions concerning the unconstitutionality of the prior statute of limitations (*Dornfeld v. Julian* (1984), 104 Ill. 2d 261, 472 N.E.2d 431; *Jude v. Morrissey* (1983), 117 Ill. App. 3d 782, 454 N.E.2d 24; see *Pickett v. Brown* (1983), 462 U.S. 1, 76 L. Ed. 2d 372, 103 S. Ct. 2199) and the subsequent enactment of a new statute of limitations.

Accordingly, the order of the circuit court of Macon County is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

KNECHT and STEIGMANN, JJ., concur.