THE DEPARTMENT OF PUBLIC AID *ex rel.* SHAUN SKELTON, by his Mother and Next Friend, Patsy Skelton, Plaintiff-Appellant, v. KENNETH LIESMAN, Defendant-Appellee.

Fourth District   No. 4—90—0733

Opinion filed August 29, 1991.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Tanya Solov, Assistant Attorney General, of Chicago, of counsel), for appellant.

Patrick J. O'Hara, of Petersburg, for appellee.

JUSTICE STEIGMANN delivered the opinion of the court:

Plaintiff, Illinois Department of Public Aid (DPA) on behalf of the minor Shaun Skelton (Shaun), appeals from the order of the circuit court dismissing the paternity action against defendant, Kenneth Liesman, as being barred by a prior judgment pursuant to section 2—619(a)(4) of the Illinois Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(4)). Plaintiff contends that *res judicata* was improperly attached to a 1986 paternity proceeding because Shaun was not a party nor in privity with a party to that action. We agree and reverse.

In May 1990, a petition to determine the existence of the father and child relationship was filed by the DPA on behalf of Shaun against defendant, requesting an adjudication of paternity, issuance of an order of support, and reimbursement to DPA for $2,893 in assistance provided for Shaun's behalf. Pursuant to a motion to dismiss filed by defendant, the court dismissed the cause of action, with prejudice, as being barred by a prior judgment pursuant to section 2—619(a)(4) of the Code and the doctrine of *res judicata*.

Resolution of the current paternity action requires an inquiry into the facts and circumstances of the earlier proceeding. In August 1986, an action was commenced in the circuit court of Logan County to establish the existence of the father and child relationship between defendant and Shaun, born August 17, 1980. That action was brought by Patsy Skelton (Patsy), the mother of Shaun, with DPA and sought an adjudication of paternity in defendant and reimbursement to DPA for $6,710 in assistance provided on behalf of the child. Patsy was served with interrogatories by defendant but failed to respond even after the circuit court entered a rule to show cause against her for that failure. As a sanction for Patsy's failure to comply with discovery, defendant filed a motion to dismiss pursuant to Supreme Court Rule 219(c)(iii) (see 134 Ill. 2d R. 219(c)(iii)), and an order was entered on July 15, 1987, dismissing the cause with prejudice. Thereafter, the Attorney General filed a motion to vacate the order of dismissal, to realign the parties, and to allow DPA to proceed with the action. This motion was denied, and the order of July 15, 1987, was not appealed.

Defendant argues that Shaun was a party to the 1986 proceeding by implication because the Attorney General would not have moved to vacate the order of dismissal and realign the parties had DPA not been representing Shaun in the original action or, alternatively, been in privity with Shaun. Defendant concludes that DPA may not now bring an identical successive paternity action because *res judicata* bars relitigation of the issue of paternity.

■ Under the doctrine of *res judicata*, a final judgment on the merits will bar an identical cause of action between the same parties or their privies. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251, 461 N.E.2d 959, 961-62; *Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432, 447 N.E.2d 834, 838.) Under Supreme Court Rule 273, an involuntary dismissal of an action operates as an adjudication upon the merits. (134 Ill. 2d R. 273.) As noted, *res judicata* or a dismissal pursuant to section 2—619(a)(4) of the Code would not bar the current action unless the judgment on the earlier action was between the same parties or their privies. In this case, the trial court made no

specific finding that Shaun was a party or in privity with a party to the 1986 proceeding. Thus, the first issue we must decide is whether Shaun was represented by DPA as a party or the privy of a party in the 1986 proceeding.

■ Section 7(a) of the Illinois Parentage Act of 1984 (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 2507(a)) provides, in pertinent part, that an action to determine the existence of a father and child relationship may be brought by the child, the mother, or a public agency which has provided financial support to the child. Each of these parties is bound by a different statute of limitations for bringing an action: the mother or custodian has two years from the child's date of birth; a public agency has two years after it has ceased providing assistance; and the child has two years after attaining majority. (Ill. Rev. Stat. 1989, ch. 40, pars. 2508(a)(1), (a)(2).) Therefore, the mere filing of a complaint by one or more of the parties able to bring an action under the Act does not in and of itself create or suggest privity with the nonfiling party or parties.

Nowhere in any of the documents filed by the parties or the court is Shaun named as a party to the 1987 judgment; DPA and Patsy are the only named plaintiffs. While Patsy's right to bring a paternity action in her own name in the 1986 proceeding might have been time barred because it was brought six years after Shaun's birth, clearly DPA had a statutory right to bring that action based upon the assistance it was providing. The statute does not specify the child, or anyone else, as being a necessary party.

■ Defendant has failed to support his bald assertion that the Attorney General's post-trial motion to vacate the judgment and realign the parties established Shaun as a party to the proceeding. So far as the record shows, defendant did not request joinder of Shaun pursuant to section 2—406 or 2—407 of the Code (Ill. Rev. Stat. 1989, ch. 110, pars. 2—406, 2—407), nor request appointment of a guardian *ad litem*. (See Ill. Rev. Stat. 1989, ch. 110½, par. 11—13(d).) To construe the earlier proceeding so as to include Shaun as a party, when he was not definitively of record, would frustrate the express public policy of the Act—State recognition of "the right of every child to the physical, mental, emotional and monetary support of his or her parents" (Ill. Rev. Stat. 1989, ch. 40, par. 2501.1). Further, such a construction would render illusory the child's express statutory right to independently seek a determination of paternity.

Additionally, we cannot agree with defendant's assertion that Shaun was in privity with DPA so as to be bound by the 1987 judgment. In *Simcox v. Simcox* (1989), 131 Ill. 2d 491, 497, 546 N.E.2d

609, 611, our supreme court determined that children who are not parties are not the privies of their parents in dissolution proceedings. Similarly, the first district has refused to hold that a child was the privy of her mother in a paternity action, based on the differing interests of the child and the unwed mother. (*Maller v. Cohen* (1988), 176 Ill. App. 3d 987, 989-90, 531 N.E.2d 1029, 1031.) The interests of DPA and those of a child in an adjudication of paternity are not identical. DPA's interests lie in reimbursement of sums provided for the child's support; the child's interests encompass rights to all the monetary support to which he is entitled as well as the physical, mental, and emotional support of both parents. Thus, DPA's interests are primarily retrospective, while the child's interests are prospective.

■ Defendant argues that the Act does not permit successive actions to be brought by the different parties statutorily authorized to bring an action under section 7 of the Act. In essence, this is an argument that the bringing of an action by one party precludes the rights of all others. We find this argument to be totally contrary to the legislative intent behind section 7 of the Act. The legislature enacted the Illinois Parentage Act of 1984 (Pub. Act 83—1372, eff. July 1, 1985 (1984 Ill. Laws 2627); see Ill. Rev. Stat. 1989, ch. 40, par. 2501 *et seq.*) expressly to accord several named parties, each having diverse and potentially divergent interests, the right to establish the father and child relationship. (See *Majidi v. Palmer* (1988), 175 Ill. App. 3d 679, 683, 530 N.E.2d 66, 69.) Therefore, the clearly expressed intent of the legislature would be denigrated if the child's statutory right to bring an action could be precluded by virtue of an action brought by either the mother or DPA which is subsequently dismissed on procedural grounds.

Courts have determined that section 7 of the Act allows successive causes of action by different parties, particularly where the issue of parentage has not been factually determined because of the dismissal of the prior suit. See *Maller*, 176 Ill. App. 3d at 991, 531 N.E.2d at 1032; *People ex rel. Rice v. Graves* (1989), 191 Ill. App. 3d 220, 222, 547 N.E.2d 717, 718.

The defendant raises a hypothetical controversy wherein a putative father is subjected to successive paternity actions involving the same child brought by a series of custodians. However, this appeal does not concern such a case, and we cannot permit hypothetical worst-case scenarios to be the basis upon which we decide the case which is before us. See *People ex rel. Partee v. Murphy* (1990), 133 Ill. 2d 402, 408, 550 N.E.2d 998, 1001.

Accordingly, for the reasons herein stated, this cause is reversed and remanded to the circuit court of Logan County for further proceedings, *i.e.*, DPA may proceed with its action to adjudicate the paternity of Shaun and for reimbursement of financial assistance provided on his behalf.

Reversed and remanded.

GREEN and McCULLOUGH, JJ., concur.