In re PARENTAGE OF JANETTE MAYBERRY (Julie Mayberry, on behalf of Janette Mayberry, Petitioner-Appellant, v. Kenneth Kovas, Respondent-Appellee).

Second District No. 2—91—0235

Opinion filed December 27, 1991.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Tanya Solov, Assistant Attorney General, of Chicago, and Brian J. Moore, Assistant Attorney General, of Joliet, of counsel), for appellant.

Charles W. Smith and Suzanne A. Lindsay, both of Rosing, Applehans & Smith, Ltd., of Waukegan, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

This is an appeal from the order of the circuit court of Lake County which dismissed petitioner's paternity action. The action is brought by Julie Mayberry on behalf of the minor, Janette Mayberry. The issue presented for review is whether the circuit court erred in dismissing Janette's paternity action where a previous paternity action between Julie and the putative father (Kenneth) resulted in a court-approved settlement without an adjudication of paternity. We vacate the circuit court's order dismissing this case because the minor, Janette, was not made a party to the prior settlement and is not, therefore, bound by its restrictions.

On April 20, 1981, Julie Mayberry gave birth to Janette. On June 17, 1981, Julie filed a petition pursuant to the Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1351 *et seq.*), alleging that Kenneth was the father of Janette. On April 14, 1982, Julie and Kenneth entered into a court-approved settlement whereby Julie's paternity action was dismissed with prejudice in return for a cash payment of $12,000. This settlement was made without an acknowledgement of paternity.

On April 11, 1989, Julie, on behalf of Janette, filed a petition to determine the existence of a father and child relationship. The petition also sought child support payments for the periods prior and subsequent to the commencement of the action, health insurance coverage for Janette, and payment of reasonable expenses of Julie's pregnancy and delivery.

Kenneth filed a motion to dismiss the 1989 paternity action based on the contention that it was barred by the 1982 settlement order. The court below granted the motion to dismiss basing its decision on

an application of *Illinois Department of Public Aid ex rel. Spurgetis v. Newburg* (1989), 181 Ill. App. 3d 424. The court subsequently denied plaintiff's petition to reconsider the dismissal.

On appeal, plaintiff seeks to vacate the court's order dismissing the case. Whereas, defendant seeks to affirm the dismissal below and argues that the *Newburg* decision would bar a paternity suit brought on behalf of a minor where a court-approved settlement had previously been entered between the putative father and the minor's mother. We determine that the *Newburg* decision does not apply in this case, where the minor was neither a party to the prior action nor were her interests adequately represented.

In *Newburg*, the plaintiff sought an order which would declare that the defendant was the father of plaintiff's newly born daughter and that the defendant should provide for medical expenses and support. The parties subsequently entered into a settlement agreement whereby defendant would pay plaintiff $12,500 as a complete satisfaction of the cause of action, and plaintiff would acknowledge that defendant denied paternity and release him from future liability on a paternity claim.

The appellate court affirmed the trial court's dismissal of a subsequent claim brought by the Department of Public Aid on behalf of plaintiff's daughter for expenses associated with plaintiff's pregnancy and for reasonable child support. The court noted that the prior court-approved settlement was made pursuant to section 9A of the Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1360), and, thus, the trial court lost its jurisdiction and its authority to enter any supplemental orders for support according to section 9 (Ill. Rev. Stat. 1983, ch. 40, par. 1359). *Newburg*, 181 Ill. App. 3d 424.

■ The present case is distinguishable from *Newburg* in that there are no indications that Janette participated in or benefitted from the prior court-approved settlement which involved Julie and Kenneth. First, no specific funds were allocated or set aside for Janette. In *Newburg*, monies were placed in a savings account for the child's benefit. Here, the court asserted that the lump sum was in the best interest of Julie, Janette and Kenneth, but made no attempt to segregate or protect amounts that were to go to Janette. Second, and more importantly, there is no indication that Janette's interests were represented in the earlier settlement. In *Newburg*, the mother acted on behalf of the child as her guardian. In that capacity, she successfully obtained funds which were set aside for the child's benefit *and* she released the defendant from future support liability in return for the funds received. Here, Janette's interests are only represented by

implication, *i.e.*, the court merely mentions that the settlement was in Janette's best interest, but she was neither a party to the agreement nor in her own proper person by a guardian, nor by a guardian *ad litem.*

Defendant argues that Janette was in privity with Julie with respect to the 1981 court-approved settlement, and is, therefore, barred from pursuing the present action according to section 7(d) of the Parentage Act of 1984 (Parentage Act) (Ill. Rev. Stat. 1989, ch. 40, par. 2507(d)) and under the doctrine of *res judicata.* Under the Parentage Act, a settlement approved by the court will bar further judicial action on the matter (Ill. Rev. Stat. 1989, ch. 40, par. 2507(d)). Under the doctrine of *res judicata,* a final judgment on the merits will bar an identical cause of action between the same parties. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251; *Department of Public Aid ex rel. Skelton v. Liesman* (1991), 218 Ill. App. 3d 437, 439.) We determine that there was no privity between Julie and Janette, that Janette was not a party to the earlier settlement and that Janette is not precluded from maintaining an action by the Parentage Act or by the doctrine of *res judicata.*

Defendant asserts that the Parentage Act and the Paternity Act establish privity between Julie and Janette because they allow an action to be brought by the child or a parent. We do not agree with this reasoning. The "mere filing of a complaint by one or more of the parties able to bring an action under the Act does not in and of itself suggest privity with the nonfiling party or parties." *Liesman,* 218 Ill. App. 3d at 440.

In *Liesman,* the court held that a minor was not barred from bringing a paternity action where his mother brought a prior paternity action which was dismissed with prejudice. Central to the court's holding was its determination that there was no privity between the child and his mother at the earlier action because he was not named as a party and because of the differing interests of the child and the unwed mother. (*Liesman,* 218 Ill. App. 3d at 441.) According to *Liesman,* the public policy of the Parentage Act is to recognize " 'the right of every child to the physical, mental, emotional and monetary support of his or her parents.' " (*Liesman,* 218 Ill. App. 3d at 440, quoting Ill. Rev. Stat. 1989, ch. 40, par. 2501.1.) The *Liesman* court points out that this policy would be frustrated if the child was construed as a party in a proceeding in which the child was not definitely of record, and that such a finding of privity would undermine "the child's express statutory right to independently seek a determination of paternity." *Liesman,* 218 Ill. App. 3d at 440.

Defendant also asserts that the instant action is barred from litigation by the doctrine of *res judicata* because the same parties raise the same issues as in the earlier settlement. We do not agree. We have already explained that the parties were not in privity. We hold that the issues involved are also dissimilar. The unwed mother and the child have different interests and obstacles in filing a paternity suit even though the child's birth is a shared event. (*Maller v. Cohen* (1988), 176 Ill. App. 3d 987, 989-90.) While the child may be concerned with monies for support, health and education, an unwed mother may be concerned with a desire to maintain independence and avoid public disapproval. (*Maller*, 176 Ill. App. 3d at 990.) Therefore, the present action is not barred by the doctrine of *res judicata*. In addition, a court is without jurisdiction to enter a decree, order, or judgment which affects a right or interest of someone not before the court. (*Lain v. John Hancock Mutual Life Insurance Co.* (1979), 79 Ill. App. 3d 264, 269.) Because Janette was not a party to the 1981 settlement, the court was without jurisdiction to cut off her rights to make future claims for child support.

■■ Defendant next admits that Janette has the right to determine whether a father and child relationship exists under section 12.1 of the Parentage Act. (Ill. Rev. Stat. 1989, ch. 40, par. 2512.1.) The pertinent language of this section states that "neither the entry of a settlement order, nor the terms of a settlement order shall bar an action brought under this act by a child to ascertain paternity." (Ill. Rev. Stat. 1989, ch. 40, par. 2512.1.) Defendant asserts that Julie cannot represent Janette in this paternity action because of a conflict of interest. Therefore, defendant requests that a guardian *ad litem* be appointed for Janette in order to determine if such an action is in her best interests. Defendant cites *Majidi v. Palmer* (1988), 175 Ill. App. 3d 679, in order to illustrate how a conflict of interest may arise. In *Majidi*, an unwed mother sought to prevent visitation rights of the biological father. The court reasoned that the mother's interest in preventing visitation conflicted with the child's interest in visitation with and child support from her father. The court held that such a conflict requires the appointment of a guardian *ad litem* in order to protect the interests of the child. *Majidi*, 175 Ill. App. 3d 679.

In the present case, defendant presents no argument that such a conflict exists. In fact, defendant fails to allege facts establishing that any conflict exists. Defendant first asserts that Julie has no interest in bringing the paternity action or seeking support because she already settled these claims in the previous court-approved agreement. In our view, this argument defeats itself. If Julie has no interest in

bringing the present action then, by definition, there is no conflict. Second, defendant argues that Julie may be bringing this action on behalf of Janette as a subterfuge to pursue more money in the guise of child support. Defendant's assertions in this respect lack argument, facts, and authority. Therefore, we will not address this issue because points that are not argued or buttressed by authority are deemed waived. 134 Ill. 2d Rules 341(e)(7), (f).

In light of our decision above, we find it unnecessary to address plaintiff's argument that the dismissal of Janette's lawsuit violated her fourteenth amendment right to equal protection.

Finally, we note that Janette's petition below requested payment of reasonable expenses of Julie's pregnancy and delivery. Such a request seems contrary to the terms of the previous court-approved settlement between Julie and Kenneth. However, because this issue was not properly preserved for appeal, it is waived, and we will not address it.

Therefore, for the reasons stated above, the judgment of the circuit court of Lake County is vacated.

Vacated.

INGLIS and WOODWARD, JJ., concur.