THE DEPARTMENT OF PUBLIC AID *ex rel.* MARSHA STARK, Petitioner-Appellee, v. DAVID SCOTT WHEELER, Respondent-Appellant.

Fifth District   No. 5—91—0741

Opinion filed August 16, 1993.

James R. Conley, Jr., of Carmi, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Illinois Department of Public Aid *ex rel.* Marsha Stark, filed this action against respondent, David Scott Wheeler, requesting that paternity of two minor children be established, that petitioner be reimbursed for public aid benefits, and that support and medical coverage be ordered for the children. The circuit court of White County determined that respondent was the father of the boys and entered an order for support. It is from this order that respondent appeals. Respondent contends that the action is barred under the doctrine of *res judicata* because a prior action by Stark was dismissed with prejudice. We affirm.

On February 22, 1977, Marsha Elliott Stark gave birth to twin boys, Bryan Lee Elliott and Craig Allen Elliott. Stark subsequently sought and obtained financial assistance from Morgan County Department of Social Services in the State of Colorado. In 1981, Stark filed an action in White County pursuant to the Revised Uniform Recipro-

cal Enforcement of Support Act (the Act) (Ill. Rev. Stat. 1981, ch. 40, par. 1201 *et seq.*) seeking an order of support against respondent. Stark was the sole petitioner named in that action. On March 25, 1982, the circuit court entered an order dismissing the action with prejudice. The record is unclear as to what grounds the circuit court used to dismiss the action.

On February 15, 1989, petitioner filed a uniform support petition in Saline County requesting establishment of paternity, reimbursement for public aid benefits and support and medical coverage for the minor children. The Washington County Department of Social Services in Colorado prepared the petition filed by petitioner pursuant to the Act. The circuit court of Saline County transferred the case to White County on respondent's motion for change of venue. Respondent then moved to dismiss the action under the doctrine of *res judicata*, arguing that because the circuit court dismissed the 1981 action with prejudice, the 1989 petition should be dismissed. The trial court denied respondent's motion to dismiss and respondent's motion for interlocutory appeal on the issue. Subsequently, the trial court granted petitioner's motion requesting that paternity be established pursuant to blood tests. The certified blood-test results revealed that there was a 99.91% probability that respondent was the father of Craig Allen Elliott and a 99.95% probability that respondent was the father of Bryan Lee Elliott. There was also uncontroverted evidence that Stark and respondent had sexual intercourse during the period of conception, and Stark further stated that she had sexual intercourse only with respondent during that time period. Based upon these facts, petitioner filed a motion for summary judgment, requesting the trial court to issue an order stating that respondent is the father of the twins, and directing that respondent pay child support and an order requiring the reimbursement of public aid. The trial court granted petitioner's motion and entered a support order. The court found respondent to be the father of the children and ordered him to pay $175 per month in support.

Respondent contends on appeal that the dismissal of the 1981 petition with prejudice bars the present action under the doctrine of *res judicata*. The well-settled doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action. (*Simcox v. Simcox* (1989), 131 Ill. 2d 491, 497, 546 N.E.2d 609, 611; *Kinzer v. City of Chicago* (1989), 128 Ill. 2d 437, 539 N.E.2d 1216.) Neither party questions the competency of the court's jurisdiction. Under Supreme Court Rule 273 (134

Ill. 2d R. 273), an involuntary dismissal of an action operates as an adjudication upon the merits. Therefore, we are left with the question whether the Illinois Department of Public Aid is in privity with Marsha Stark.

Section 7(a) of the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1989, ch. 40, par. 2507(a)) provides, in pertinent part, that an action to determine the existence of a father-and-child relationship may be brought by the child, the mother, or a public agency which has provided financial support to the child. Each of these parties is bound by a different statute of limitations for bringing an action: the mother or custodian has two years from the child's date of birth; a public agency has two years after it has ceased providing assistance; and a child has two years after attaining majority. (Ill. Rev. Stat. 1989, ch. 40, pars. 2508(a)(1)(a), (2).) In *Department of Public Aid ex rel. Skelton v. Liesman* (1991), 218 Ill. App. 3d 437, 578 N.E.2d 310, the court held that "the mere filing of a complaint by one or more of the parties able to bring an action under the Act does not in and of itself create or suggest privity with the nonfiling party or parties." (*Liesman*, 218 Ill. App. 3d at 440, 578 N.E.2d at 311.) *Liesman* is part of a line of cases establishing the principle that children are not in privity with their mothers and thus not barred from bringing paternity actions under the doctrine of *res judicata* when their mothers have filed previous paternity or support actions. (See *Simcox v. Simcox* (1989), 131 Ill. 2d 491, 546 N.E.2d 609; *People ex rel. Rice v. Graves* (1989), 191 Ill. App. 3d 220, 547 N.E.2d 717; *Maller v. Cohen* (1988), 176 Ill. App. 3d 987, 531 N.E.2d 1029.) Respondent in the present action argues that these cases are irrelevant because the children in the present action are not named parties, nor is there any evidence that the action was filed on behalf of the boys. Although we agree with respondent that the children are not parties to this cause and will not be construed as such, we do find the above-mentioned line of cases relevant to the present case. Just as those cases held that the children in paternity actions are not in privity with their mothers, we find that public agencies which have provided financial support are also not in privity with the mothers. We agree with the court in *Liesman* and hold that the 1981 action filed solely by Marsha Elliott (now Stark) does not create or suggest privity with the Illinois Department of Public Aid. Just as the interests of children are different from those of their mothers, the interests of public agencies providing aid are separate from the caretakers of the children. As we have decided that petitioner is not a privy of Marsha Elliott Stark, the doctrine of *res judicata* does not bar the present action.

For the foregoing reasons, the judgment of the circuit court of White County is affirmed.

Affirmed.

CHAPMAN, P.J., and LEWIS, J., concur.