| 67 | 77 |
|----|----|
| 113 | ²471. |

## Margaret Swan v. Michael H. Mulherin.

1. JURY TRIAL—*Application of the Act of 1893.*—The act of June 17, 1893, providing for a trial by jury in cases where the judgment may be satisfied by imprisonment, applies to all cases, whether in justice's courts or courts of record, where a judgment may be satisfied by imprisonment.

2. SAME—*Waiver of.*—Under the act of June 17, 1893, providing for a trial by jury in cases where the judgment may be satisfied by imprisonment, a jury trial can be waived only by the defendant executing a formal waiver in writing; a submission of the cause by the parties to the court without a jury is not sufficient.

3. CONSTRUCTION OF STATUTES—*Will of the Legislature.*—The grand object in construing statutes is to ascertain the will of the legislature,

and to accomplish this, courts will not only look to the language of the whole act, but to the law as it was at the time of the passage of such act, to the cause and motive of the act and the mischief to be remedied or avoided thereby.

**Motion,** to quash execution. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 19, 1896.

E. A. SHERBURNE, attorney for plaintiff in error.

MAX ROBINSON, attorney for defendant in error.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

In an action of trespass *de bonis asportatis*, the plaintiff recovered a judgment for $165.40 against the defendant in the Circuit Court, and, later, the defendant was arrested on a *ca. sa.* and confined in the county jail.

Upon an application, afterward made, the Circuit Court quashed the capias, and the sole question here is, was such action right.

It is conceded that the action of the court in quashing the capias was based upon the act, approved June 17, 1893, to be found in the Laws of 1893, p. 96 (State Ed.), entitled, and as follows:

" An act to provide a trial by jury in all cases where a judgment may be satisfied by imprisonment.

Section 1. Be it enacted (etc.); that no person shall be imprisoned for non-payment of a fine or a judgment in any civil, criminal, quasi-criminal or *qui tam* action, except upon conviction by jury. Provided, that the defendant or defendants in any such action may waive a jury trial by executing a formal waiver in writing; and provided further, that this provision shall not be construed to apply to fines inflicted for contempt of court; and provided further, that when such waiver of jury is made, imprisonment may follow judgment of the court without conviction by a jury."

See, also, for the act, Sec. 631, Ch. 38, entitled "Criminal

Swan v. Mulherin.

Code," 1 *Starr & Curtis'* (2d Ed.) Annotated Statutes, and also Sec. 175, Ch. 79, entitled "Justices and Constables," Hurd's Ed., Rev. Stat. 1895.

It is contended by plaintiff that the act applies only to justice's courts, and secondly, that if it applies to courts of record, there was a compliance with its provisions, because the record shows that "the parties in open court submitted the cause to the court for trial without a jury."

There is no ground for the contention that the act has application only to cases before justices of the peace. It applies, by its very terms, to "all cases (whether in justice's court, or a court of record) where a judgment may be satisfied by imprisonment."

Nor do we think that a record that "the parties submitted the cause to the court for trial without a jury," is a substantial compliance with the statutory requirement that a jury trial may be waived only by the defendant executing a formal waiver in writing.

It was the law before the act, that both parties might waive a jury in such cases, and when the legislature said that it should no longer be, unless the defendant executed a formal waiver in writing, it will be presumed that, in the view of the legislature, a mischief existed that needed to be remedied, and that the new legislation in such behalf was directed at the mischief and intended to remedy it. Courts, therefore, should not give such a construction to the legislation as would nullify it, except for very grave reasons.

"The grand object in construing statutes is to ascertain the will of the legislature; and to accomplish this, courts not only will look to the provisions and language of the whole act, but to the law as it was at the time of the passage of such act, to the cause and motive of the act, and the mischief to be remedied or avoided thereby." Zarreseller v. The People, 17 Ill. 101; Stribling v. Prettyman, 57 Ill. 371,

The Circuit Court could, with regard for the statute, do no less than quash the writ, and the judgment is accordingly affirmed.