MARGARET J. FINK, a/k/a Margaret J. Young, Plaintiff-Appellant, *v.* EDWIN A. ROLLER, Defendant-Appellee.

Fifth District   No. 79-26

Opinion filed August 31, 1979.—Rehearing denied October 2, 1979.

Steven N. Mottaz, of Thomas, Mottaz & Eastman, of Alton, for appellant.

James R. Heil, of Farrell, Heil, Long & St. Peters, of Alton, for appellee.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Madison County dismissing her petition to modify child support payments arising out of a paternity action.

On April 27, 1967, plaintiff brought a paternity suit against defendant charging that he was the father of her child born out of wedlock on October 17, 1966. In an effort to compromise their dispute the parties signed a stipulation on November 8, 1967, which provides in part:

> "1. The Defendant shall pay to the Plaintiff, as a contribution toward the support of said minor child, the sum of Fifteen Thousand Three Hundred Dollars ($15,300.00), the same to be

payable at the rate of not more than Seventy Five [*sic*] Dollars ($75.00) per month * * *.

* * *

3. The Plaintiff shall have the right to claim said child as an exemption for income tax purposes through the year 1971, and the Defendant shall have such right thereafter.

4. The Defendant shall have the rights of visitation with said minor child * * *.

* * *

7. The Plaintiff further agrees that she will not at any time in the future permit said child to be adopted by any other person or persons without first giving the Defendant the opportunity to adopt said child. * * *

8. It is agreed by both parties that the defendant is the father of the minor child, EDANA ANN FINK, and that this stipulation shall be a full and final settlement between the parties * * *."

On November 8, 1967, the trial court approved the stipulation and entered an order stating that "this cause shall be deemed to have been disposed of by settlement."

Plaintiff filed a petition to modify the child support provision of the stipulation on October 25, 1977, alleging that changed circumstances subsequent to the November 8, 1967, order required that the support payments be increased for the best interest and welfare of the child. Defendant filed a motion to dismiss arguing that the stipulation as adopted by the court was a final order not subject to modification. In granting the motion to dismiss the trial court held that the order fixing the amount of support came within the purview of section 9A of the Paternity Act (Ill. Rev. Stat. 1977, ch. 40, par. 1360) because the stipulation constituted a full and final settlement.

The issue presented for review, which is one of first impression before this court, is whether a trial court retains jurisdiction to modify a child support provision in a paternity settlement where the defendant has acknowledged in the settlement that he is the father of the child.

Plaintiff contends on appeal that the petition to modify is governed by section 9 of the Act rather than section 9A, thereby giving the trial court jurisdiction to modify the support provision contained in the stipulation.

Section 9 states in part:

"If the defendant has acknowledged that he is the father of the child, either at the preliminary hearing provided in Section 5 or at the subsequent trial of the issue, which acknowledgment he has not repudiated at the trial of the issue, or if on the trial of the issue the court or jury, as the case may be, finds by a preponderance of the

evidence that he is the father, the court shall enter judgment to that effect. * * * Except where a settlement order has been entered as provided in Section 9A of this Act, the court shall retain jurisdiction of the cause and may, upon proper prior written notice of the hearing to the parties in interest, make new or supplementary orders for the support, maintenance, education and welfare of the child as from time to time the court deems necessary, upon petition of the mother * * *." (Ill. Rev. Stat. 1977, ch. 40, par. 1359.)

Section 9A provides:

"In cases where the putative father has not acknowledged paternity and where the parties have requested a settlement, the court shall review the proposed settlement in the light of the allegations made * * *. If the court is satisfied that the best interests of the child and of the parties will be served by entry of an order incorporating the settlement, * * * it may enter an order to that effect." Ill. Rev. Stat. 1977, ch. 40, par. 1360.

Plaintiff asserts that paragraph 8 of the stipulation, wherein defendant and she agreed that he is the father, constitutes an acknowledgment of paternity for purposes of section 9. She therefore concludes that since section 9A only applies to cases where the father does not acknowledge paternity, it is not controlling in the instant case and cannot deprive the trial court of jurisdiction to modify the support provision of the stipulation. We agree.

Defendant argues that despite paragraph 8 of the stipulation he never acknowledged paternity, because the acknowledgment was not made at a preliminary hearing or at trial, nor was the stipulation made under oath or affirmation. It is defendant's position that in order for an acknowledgment of paternity to be in writing it must be made under oath or affirmation. He ascribes to the word "acknowledgment" as it is used in the Paternity Act the technical legal meaning of a formal declaration or admission before an authorized public officer by a person who has executed an instrument that such instrument is his act and deed. In short, defendant would require compliance with the Uniform Recognition of Acknowledgments Act (Ill. Rev. Stat. 1977, ch. 30, par. 221 *et seq.*) in order for a written acknowledgment to be valid. He also notes that section 4 of the Paternity Act states *inter alia*:

"However, where the person accused has acknowledged the paternity of the child by a written statement made under oath or affirmation or has acknowledged the paternity of such child in open court, prosecution may be brought * * *." Ill. Rev. Stat. 1977, ch. 40, par. 1354.

■■ We need not decide here whether the stipulation by itself comports with the Uniform Recognition of Acknowledgments Act, or even whether

it need do so in order to be a valid acknowledgment with respect to the Paternity Act, for the reason that the stipulation was presented to and approved by the trial court during the pendency of this cause. Under the circumstances, we hold that it constitutes an acknowledgment made in open court. Such an acknowledgment is controlled by section 9 of the Paternity Act, which permits the trial court to retain jurisdiction to issue new or supplementary orders concerning the "support, maintenance, education and welfare of the child." Ill. Rev. Stat. 1977, ch. 40, par. 1359.

Defendant next argues that this cause is governed by section 9A because the stipulation constitutes a settlement. Paragraph 8 of the stipulation provides in part: "[T]his Stipulation shall be a full and final settlement between the parties of their respective interests concerning said child."

■■ However, our reading of section 9A indicates that two factors must occur before it is applicable. The putative father must not have acknowledged paternity and he must have entered into a settlement with the party bringing the action. Since we have already held that defendant has acknowledged paternity through the stipulation, we find one of the statutory requisites absent in this case, placing this action outside the purview of section 9A.

For the foregoing reasons we hold that the trial court retained jurisdiction to modify the child-support provision of the stipulation and that the petition was improperly dismissed. We therefore reverse and remand.

We would observe that our holding is supported by public policy in this State which "imposes a duty on a father to support his children that cannot be bargained away." *Huckaby v. Huckaby* (1979), 75 Ill. App. 3d 195, 199, 393 N.E.2d 1256, 1260; *Nelson v. Nelson* (1950), 340 Ill. App. 463, 92 N.E.2d 534.

Reversed and remanded.

G. MORAN and KASSERMAN, JJ., concur.