LOIS A. FITZGERALD, Plaintiff-Appellee, *v.* ROBERT J. THEISEN, Defendant-Appellant.

Second District   No. 81-197

Opinion filed October 21, 1981.

Richard D. Schiller, of Goldsmith, Thelin, Schiller & Dickson, of Aurora, for appellant.

David P. Peskind, of Aurora, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant appeals from an order of the Circuit Court of Kane County granting plaintiff's petition to modify child support payments arising out of a paternity action. We reverse.

On April 25, 1972, plaintiff Lois A. Fitzgerald, brought a paternity suit against defendant Robert J. Theisen, charging that he was the father of her child born out of wedlock on August 18, 1971. In an effort to compromise their dispute the parties signed a stipulation on October 10, 1972, which provides in relevant part:

"B. That Robert J. Theisen shall pay to the plaintiff the sum of twenty dollars ($20.00) per week as and for child support, beginning August 14, 1972 and continuing until further order of the Court.

C. That Robert J. Theisen shall pay to Lois A. Fitzgerald the sum of eight hundred eighteen and 30/100ths dollars ($818.30) as for maternity expenses incurred.

D. That Robert J. Theisen shall pay all unusual medical bills and expenses for the minor child, Robert Fitzgerald.

E. That Robert J. Theisen shall pay to Lois A. Fitzgerald as and for partial attorneys' fees the sum of four hundred fifty dollars ($450.00) plus cost of suit.

F. This Court retains jurisdiction of the above cause for the purpose of enforcing the provisions of Paragraphs B, C, D, and E above."

The trial court approved the settlement and entered an order October 10, 1972, *nunc pro tunc* August 14, 1972.

Plaintiff filed a petition to modify the child support provision of the stipulation on December 27, 1978, alleging that changed circumstances subsequent to the order of October 10, 1972, required that the support payments be increased for the best interest and welfare of the child. Defendant filed a motion to strike arguing that the stipulation as adopted by the court was a final order not subject to modification. The defendant's motion to strike was granted on March 8, 1979. The plaintiff did not file a motion to reconsider or an appeal.

December 4, 1980, the plaintiff filed a second petition to modify the child support order by reason of changed circumstances. The trial court denied the defendant's motion to strike and found that the child support order of October 10, 1972, was subject to amendment and modification giving rise to this interlocutory appeal.

The issue presented for review, which is one of first impression, is whether a trial court retains authority to modify a child support provision in a paternity settlement where the defendant has not acknowledged in the settlement that he is the father of the child nor has he been adjudged the father.

The amount of support comes within the purview of section 9A of the Paternity Act (Ill. Rev. Stat. 1977, ch. 40, par. 1360) because the putative father has not acknowledged paternity and he has entered into a settlement with the party bringing the action. *Fink v. Roller* (1979), 76 Ill. App. 3d 818, 395 N.E.2d 617 (dictum).

Section 9A states:

"In cases where the putative father has not acknowledged paternity and where the parties have requested a settlement, the court shall review the proposed settlement in light of the allegations made, the probable evidence and the circumstances of the parties. If the court is satisfied the best interests of the child and of the parties will be served by entry of an order incorporating the settlement, and if it is satisfied that the financial security of the child is adequately provided for and that the child and its mother are not likely to become public charges, it may enter an order to that effect. The order may be directed to the defendant, or the mother, or both." Ill. Rev. Stat. 1977, ch. 40, par. 1360.

The plaintiff asserts that settlement agreements entered under section 9A are amendable after the order approving the settlement becomes final. We disagree.

Application of a well-known principle of statutory construction provides resolution of the problem at hand. In order to ascertain legislative intent, the court must look to the language and provisions of the whole act. (*Swan v. Mulherin* (1896), 67 Ill. App. 77.) By contrast with the above quoted provisions of section 9A, section 9 provides in relevant part:

"Except where a settlement order has been entered as provided in Section 9A of this Act, the court shall retain jurisdiction of the cause and may, upon proper prior written notice of the hearing to the parties in interest, make new or supplementary orders for the support, maintenance, education and welfare of the child as from time to time the court deems necessary * * *." Ill. Rev. Stat. 1979, ch. 40, par. 1359.

Read *in pari materia*, sections 9 and 9A establish a legislative design wherein fathers who have either acknowledged paternity or have been adjudicated the father are subject to supplementary orders for support, maintenance, education, and welfare of their children under section 9. Putative fathers who have not acknowledged paternity and have not been adjudicated the father of the child but enter into settlements with the mother are not subject to supplementary orders. While section 9a makes no reference to the nonmodification of these settlement orders the expression in section 9 "[e]xcept where a settlement order has been provided in Section 9A of this Act, the court shall retain jurisdiction of the cause * * *" makes it clear that the legislature intended to deprive courts of jurisdiction to modify section 9a settlement orders such as the one in the case at bar.

We conclude that absent statutory authority the court is without jurisdiction to amend the support provision of the original order. We therefore reverse.

We would observe that our holding is supported by public policy in this State which favors settlements and dictates that, in the absence of fraud or duress, settlements once made should be final. *Culbertson v. Carruthers* (1978), 66 Ill. App. 3d 47, 383 N.E.2d 618.

Reversed.

SEIDENFELD, P. J., and HOPF, J., concur.