THE ILLINOIS DEPARTMENT OF PUBLIC AID *ex rel.* DIANE SPURGETIS, on behalf of Natalie Newburg, a Minor, Plaintiff-Appellant, v. LARRY NEWBURG, Defendant-Appellee.

Third District  No. 3—88—0571

Opinion filed April 12, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen S. Rosenwinkel, Assistant Attorney General, of Chicago, of counsel), for appellant.

Bozeman, Neighbour, Patton & Noe, of Moline (Jack L. Brooks, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:

The Illinois Department of Public Aid (Department) appeals from a trial court order dismissing a paternity action it filed against the defendant, Larry Newburg. We affirm.

On November 11, 1983, Diane Spurgetis gave birth to a daughter, Natalie. On January 11, 1984, Diane filed a paternity action against Larry Newburg, the defendant herein. She sought entry of an order declaring Larry the father of Natalie, in addition to expenses related to her pregnancy and Natalie's support. Diane and Larry negotiated a proposed settlement which the circuit court of Rock Island County incorporated in its order entered June 15, 1984, upon a finding that the best interests of the child and of the parties would be served by incorporating the terms of the settlement. The settlement order provided that Larry would pay Diane $12,500 as a complete satisfaction of the cause of action. Diane was to receive $2,500 directly for reimbursement for expenses related to Natalie's birth, and the remaining $10,000 was allocated for the child's health, education, and welfare and was to be placed in a savings institution.

At the time the settlement was reached, Diane also executed a document entitled "Individual and Guardian's Release." In the release, Diane, individually and as Natalie's guardian, released Larry from all actions and claims arising at any time out of Natalie's birth, and specifically, for any and all claims under the Illinois Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1351 *et seq.*) for Natalie's support. Diane also acknowledged that Larry denied paternity and that the money was accepted in full satisfaction of a disputed claim.

Diane thereafter received support benefits from the Department. On May 25, 1988, the Department filed a petition against Larry which alleged he was Natalie's father and obligated for her support under the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1987, ch. 40, par. 2501 *et seq.*). The Department requested the court to find Larry to be Natalie's father and to order him to reimburse the Department for assistance granted on Natalie's behalf, to pay Diane's pregnancy and delivery expenses, and to pay reasonable child support.

Larry filed a motion to dismiss and alleged, *inter alia*, that the Department's claims were barred by the court-approved settlement in the prior paternity action. Following a hearing on the motion, the circuit court dismissed the Department's petition with prejudice. The Department has appealed.

The Department contends that the court erred in dismissing the petition because there has never been an adjudication of paternity and Natalie was not a party to the prior paternity action. The Department also argues that the doctrine of *res judicata* does not bar the present cause of action. The issue of *res judicata* need not be addressed here; we find that the petition was properly dismissed because Illinois statutes bar such actions where there has been a court-approved settlement.

■ In 1984, the court approved Larry and Diane's proposed settlement pursuant to section 9A of the Paternity Act (Ill. Rev. Stat. 1983, ch. 40, par. 1360). Section 9A provided that in cases where the putative father denied paternity and the parties requested a settlement, if the court was satisfied that the best interests of the child and the parties would be served by entry of an order incorporating the proposed settlement, the court could enter such an order. The Paternity Act also provided, *"Except where a settlement order has been entered as provided in [Section 9A] of this Act,* the court shall retain jurisdiction of the cause and may *** make new or supplementary orders for the support, maintenance, education and welfare of the child as from time to time the court deems necessary,"* upon petition of a parent, any person who has contributed to the child's support, or any governmental agency interested in the child's support. (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 40, par. 1359.) Thus, under the statute which was in force at the time the court's settlement order was entered, the court did not retain jurisdiction of the matter or have the authority to enter any supplemental orders for support. See *Fitzgerald v. Theisen* (1981), 101 Ill. App. 3d 193.

■ ■ The Paternity Act was repealed and the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1985, ch. 40, par. 2501 *et seq.*) became effective in 1985. The Parentage Act provides that the repeal of the Paternity Act shall not affect rights or liabilities which were determined, settled, or adjudicated prior to the effective date of the Parentage Act. (Ill. Rev. Stat. 1985, ch. 40, par. 2525.) Thus, the legislature intended that the new statute was not to disturb the finality of matters settled or adjudicated under the prior statute. The trial court in the instant case had no jurisdiction over this matter, nor did it have authority to enter a supplemental order for child support. The Department's petition was, therefore, correctly dismissed.

■ We note further that section 7 of the new Parentage Act, governing who may bring an action to determine paternity, provides, "Regardless of its terms, an agreement, *other than a settlement approved by the court,* between an alleged or presumed father and the

mother or child, does not bar an action under this Section." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 40, par. 2507(d).) The new statute thus continues to preserve the finality afforded to court-approved settlement orders and does not permit the mother, alleged father, or a public agency which has supported the child to bring an action after a court-approved settlement has been reached. Under the Parentage Act, entry of a settlement order does not bar an action by the child to ascertain paternity (Ill. Rev. Stat. 1987, ch. 40, par. 2512.1), but actions such as the one before us, which was instituted by the Department for additional amounts of support, are barred in cases where a court-approved settlement has been entered.

Accordingly, the order of the circuit court of Rock Island County is affirmed.

Affirmed.

WOMBACHER, P.J., and BARRY, J., concur.