THE DEPARTMENT OF PUBLIC AID *ex rel.* KAREN McGEE, Plaintiff-Appellant, v. JACK W. KENNEDY, Defendant-Appellee.

Fourth District   No. 4—90—0554

Opinion filed March 29, 1991.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Susan Frederick Rhodes, Assistant Attorney General, both of Chicago, of counsel), for appellant.

No brief filed for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

On February 21, 1990, the circuit court of Greene County entered an order dismissing a paternity complaint brought by the Illinois Department of Public Aid (Department) *ex rel.* Karen McGee against defendant Jack Kennedy. The Department now appeals. We reverse.

On October 17, 1989, the Department filed a complaint seeking to establish that defendant was the father of Justin McGee, pursuant to the Illinois Parentage Act of 1984 (Parentage Act) (Ill. Rev. Stat. 1989, ch. 40, pars. 2501 through 2526). On January 9, 1990, defendant filed a motion to dismiss the complaint. The motion alleged that Karen McGee had previously filed a paternity complaint involving Justin against defendant in People ex rel. McGee v. Kennedy (Cir. Ct. Greene Co.), No. 82—F—18 (*McGee*); the matter was dismissed on motion of the State's Attorney on June 10, 1985; and this dismissal was pursuant to an agreement entered between the parties.

The record establishes that, in *McGee*, plaintiff, with the assistance of the Greene County State's Attorney's office, pursued a paternity complaint against defendant. On June 10, 1985, the following docket entry was made:

"The Court is advised that the Petitioner [McGee] contacted the State's Attorney's Office this date at 2:30 p.m. Petitioner advised S.A. Goetten that she did not want to pursue the paternity action. Petitioner further advised S.A. Goetten that she was not receiving Public Aid benefits on behalf of the minor child. Motion by S.A. Goetten to dismiss without prejudice. No objection by Attorney Clough. Motion allowed. Cause Stricken."

This was apparently done pursuant to an agreement between the parties. The agreement provided that defendant would allow his name to be placed upon the birth certificate, and that McGee would withdraw

her complaint and release the defendant from any claims for medical bills, expenses, or support for the child. It concluded by stating that the parties believed it was in their best interest and that of the minor child to settle this matter as set forth. There is no indication this agreement was presented to, or approved by, the court.

Subsequently, the child began receiving benefits from the Department. Accordingly, on October 17, 1989, the Department filed the instant action. On February 21, 1990, the court, agreeing with defendant, dismissed the complaint. In doing so, the court found that, at the time of the original dismissal, the court and the State were satisfied with the resolution, and that the mother is still bound by the agreement.

■ At the outset, we note that appellee has not filed a brief in this court. However, since the record is simple and the issues are clear, we will address the merits of the case. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

■ The Parentage Act, under which the present claim was brought, became effective on July 1, 1985, and repealed the Paternity Act (Ill. Rev. Stat. 1983, ch. 40, pars. 1351 through 1368). Section 25 of the Parentage Act provides that the repeal of the Paternity Act "shall not affect rights or liabilities which have accrued thereunder and which have been determined, settled or adjudicated prior to the effective date of this Act or which are the subject of proceedings pending thereunder on such effective date." (Ill. Rev. Stat. 1989, ch. 40, par. 2525.) Thus, since the first action was brought and resolved under the Paternity Act, it is necessary to turn first to that act to resolve this question.

A similar fact situation recently arose in *Illinois Department of Public Aid ex rel. Spurgetis v. Newburg* (1989), 181 Ill. App. 3d 424, 537 N.E.2d 384, *appeal denied* (1989), 127 Ill. 2d 616, 545 N.E.2d 111. There, Spurgetis filed a complaint, under the Paternity Act, against Newburg. The parties entered into a settlement agreement, which the court incorporated into an order. Spurgetis subsequently received benefits from the Department, which then filed an action pursuant to the Parentage Act. Newburg filed to dismiss the complaint, arguing that it was barred by the earlier settlement. The court agreed.

■ In reaching this conclusion, the court observed that the settlement order conformed with the provisions of section 9A of the Paternity Act. (Ill. Rev. Stat. 1983, ch. 40, par. 1360.) It further noted that section 9 of the Paternity Act provided that the court shall retain

jurisdiction to make new or supplemental orders in all cases, except where a settlement order has been entered as provided in section 9A. (Ill. Rev. Stat. 1983, ch. 40, par. 1359.) Accordingly, it concluded that a court-approved settlement order barred the mother, the alleged father, or a public agency from bringing another action. (*Newburg*, 181 Ill. App. 3d at 427, 537 N.E.2d at 386.) While we concur with this analysis, we note there is a factual distinction which takes this case out of the *Newburg* analysis.

Section 9A of the Paternity Act provided:

"In cases where the putative father has not acknowledged paternity and where the parties have requested a settlement, the court shall review the proposed settlement in the light of the allegations made, the probable evidence and the circumstances of the parties. If the court is satisfied the best interests of the child and of the parties will be served by entry of an order incorporating the settlement, and if it is satisfied that the financial security of the child is adequately provided for and that the child and its mother are not likely to become public charges, it may enter an order to that effect." (Ill. Rev. Stat. 1983, ch. 40, par. 1360.)

In *Newburg*, the parties presented a proposed settlement to the court, in which Newburg paid $12,500 for medical expenses and support and Spurgetis agreed to release Newburg from any liability. The court reviewed the proposal and, upon finding the settlement was in the best interest of the minor and parties, incorporated the agreement into the ultimate settlement order. Thus, this procedure clearly complied with the provisions of section 9A of the Paternity Act.

■ However, the same cannot be said in our case. There is no indication this proposed agreement was presented to the court, nor is there any evidence showing that the court considered it and made the requisite findings. Thus, we conclude that, since this agreement does not comport with the requirements of section 9A, it is not properly considered a settlement within the meaning of the Paternity Act and does not preclude any subsequent action.

■ ■ We similarly conclude that this agreement does not bar the current action under the Parentage Act. Section 12.1 of the Parentage Act (Ill. Rev. Stat. 1989, ch. 40, par. 2512.1) contains the same provisions for a settlement order as contained in section 9A of the Paternity Act. Elsewhere in section 7(d), the Parentage Act provides:

"Regardless of its terms, an agreement, other than a settlement approved by the court, between an alleged or presumed

father and the mother or child, does not bar an action under this Section." (Ill. Rev. Stat. 1989, ch. 40, par. 2507(d).)

The phrase "settlement approved by the court" is properly construed as referring to the settlement orders of section 12.1 of the Parentage Act. Thus, unless such an order complies with this section, it has no preclusive effect under the Parentage Act. Again, for the same reasons, it is clear the agreement between McGee and Kennedy does not suffice.

Accordingly, we conclude that the circuit court of Greene County erred in dismissing the complaint filed by the Department.

Reversed and remanded.

STEIGMANN and McCULLOUGH, JJ., concur.