STEPHANIE DRAPER, on behalf of Melissa Crutcher, a Minor, Plaintiff-Appellant, v. ALBERT J. TRUITT, Defendant-Appellee.

First District (6th Division)  No. 1—92—2218

Opinion filed August 6, 1993.

Jack O'Malley, State's Attorney, of Chicago (Jacqueline Perkins and Leonard Foster, Assistant State's Attorneys, of counsel), for appellant.

F. Marie Cole, of Chicago, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

On April 3, 1990, plaintiff Stephanie Draper filed a petition under the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1989, ch. 40, par. 1201 *et seq.*) in Clark County, Nevada, and alleged that defendant Albert J. Truitt was the father of Melissa Crutcher born April 27, 1976. She sought support and medical coverage from defendant. Under that statute, proceedings were conducted in the circuit court of Cook County. Defendant moved to dismiss because on April 18, 1978, plaintiff had caused a complaint to be filed by William J. Scott, Illinois Attorney General (People ex rel. Stephanie A. Crutcher v. Albert J. Truitt (No. 124689), seeking to establish paternity. After a bench trial on November 24, 1980, the court ruled in favor of defendant and dismissed the case. Defendant contended that the parties in both actions were the same and requested a finding that the first action was *res judicata*. On May 29, 1992, the trial court dismissed the case with prejudice. On appeal, plaintiff contends that at the time of the original action Melissa Crutcher had no right of action against her alleged father, that she was not in privity with any party to the original action and neither estoppel by judgment nor estoppel by verdict bars this action on Melissa's behalf.

In a paternity affidavit filed as part of her petition, plaintiff alleged that she and defendant were never married to each other; she was the mother of Melissa Dawne Crutcher, born April 27, 1976, in Illinois, and that defendant was the father of the child. She stated that "all" who worked at the post office knew of her four-year relationship with defendant, who had admitted paternity several times but never in the presence of other people. While respondent had provided gifts for the child, he had denied paternity in the first suit.

Defendant moved to dismiss based on *res judicata* because of the earlier paternity action. He alleged that Dr. Chang Ling Lee of Mt. Sinai Hospital Medical Center had performed tests on the child, plaintiff and defendant and that the result was that it was more likely than not that he was not the father. After hearing evidence, the court ruled in favor of defendant and dismissed the case.

The record contains a report of proceedings of the trial held on November 24, 1980. The parties testified and agreed to a stipulation concerning the blood tests. Plaintiff's mother and a cousin of plaintiff also testified before the court entered a finding for defendant.

Plaintiff contends that she was not a party to or in privity with a party to the original action, and she is therefore not estopped from bringing this action. In *Maller v. Cohen* (1988), 176 Ill. App. 3d 987, 531 N.E.2d 1029, a mother's action to establish paternity was dismissed because it was not filed within two years of the child's birth, but her subsequent action on July 11, 1986, under the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1989, ch. 40, par. 2501 *et seq.*) was allowed. The court recognized that under Supreme Court Rule 273 (134 Ill. 2d R. 273), a dismissal based on a general statute of limitations is an adjudication upon the merits for purposes of the doctrine of *res judicata*. The court said that a final judgment on the merits precludes all parties and their privies from bringing a new action relating to the same subject matter. However, the court concluded that *res judicata* should not be applied where it was clear that the child was not a party to the mother's 1981 action, and further, that the child had no legal right of action at that time. The court also stated that it refused to hold that the child was the privy of her mother although their actions were based upon the same event, the child's birth. *Maller*, 176 Ill. App. 3d at 989.

Defendant argues that the savings provision of the Illinois Parentage Act of 1984 does not allow a second trial against an identical defendant to determine paternity of a minor where there has been a full trial on the merits of the paternity issue under a previous statutory enactment resulting in a finding for defendant. He maintains

that this Act was designed to correct limitations on the right to assert the action of paternity and extend a right of action to a minor which the minor would not otherwise have. Defendant cites statements by Illinois legislators during the Illinois Senate and House of Representatives debates. Defendant contends that the legislature did not intend to allow persons the opportunity to relitigate claims already determined by a full adversarial proceeding, and relies on *Illinois Department of Public Aid ex rel. Spurgetis v. Newburg* (1989), 181 Ill. App. 3d 424, 537 N.E.2d 384. In *Newburg* the mother's action for declaration of paternity and support was settled in 1984 by defendant's payment of $4,500 for birth and support expenses. The Department of Public Aid's 1988 petition to determine that defendant was the father and to reimburse the Department for assistance, pregnancy and delivery expenses and child support was dismissed. On appeal, the court declined to address the issue of *res judicata* and found that the Illinois Parentage Act of 1984 (Ill. Rev. Stat. 1989, ch. 40, par. 2501 *et seq.*) barred the 1988 action where there had been a court-approved settlement. The appellate court reasoned that the settlement was authorized under the Paternity Act when it was entered, and that the Parentage Act provided that its repeal shall not affect rights or liabilities which were determined, settled or adjudicated prior to its effective date. (Ill. Rev. Stat. 1989, ch. 40, par. 2525.) The court also noted that section 7 (Ill. Rev. Stat. 1989, ch. 40, par. 2507(d)) of the Parentage Act provided that an agreement "other than a settlement approved by the court," between the alleged father and the mother or child, did not bar an action. (*Newburg*, 181 Ill. App. 3d at 426-27.) The court also said:

> "Under the Parentage Act, entry of a settlement order does not bar an action by the child to ascertain paternity (Ill. Rev. Stat. 1987, ch. 40, par. 2512.1), but actions such as the one before us, which was instituted by the Department for additional amounts of support, are barred in cases where a court-approved settlement has been entered." 181 Ill. App. 3d at 427.

In *Simcox v. Simcox* (1989), 131 Ill. 2d 491, 546 N.E.2d 609, the court held that children are not privies of their parents in dissolution proceedings, and they are not bound by findings of paternity in such proceedings. In *Maller* (176 Ill. App. 3d at 991), the court said, "[N]o amount of sophistry can make the dismissal of [the mother's] action under the Paternity Act a determination, settlement or adjudication" of the child's claim. In *People ex rel. Rice v. Graves* (1989), 191 Ill. App. 3d 220, 547 N.E.2d 717, a mother's action under the Paternity Act dismissed for want of prosecution in 1976 was held not a bar to a

second action under the Parentage Act because the child was not a party to the original suit. In *Chiapelli v. Viviano* (1992), 225 Ill. App. 3d 1026, 589 N.E.2d 198, a mother filed a paternity action in 1974 and entered into a stipulation wherein the defendant denied paternity but consented to a court-approved settlement of $3,000 to dismiss the case. In December 1984 the Illinois Department of Public Aid filed a complaint on behalf of a child to establish paternity. The trial court found defendant was the child's father and entered past and future child support orders. The appellate court affirmed, noting that the child had no cause of action under the prior law. *Chiapelli*, 225 Ill. App. 3d at 1030.

In *Department of Public Aid ex rel. Cox v. Miller* (1992), 146 Ill. 2d 399, 586 N.E.2d 1251, the supreme court held that a 1978 settlement agreement for $5,000 between the child's mother and defendant and an agreed-upon dismissal with prejudice of the mother's paternity action did not bar an action on behalf of the illegitimate minor for support. The court in *Miller* reviewed several recent decisions of the United States Supreme Court concerning the rights of illegitimate children and found that a settlement order entered pursuant to the settlement provisions of a paternity statute should not bar a subsequent support action brought on behalf of a nonmarital child. (*Miller*, 146 Ill. 2d at 410.) The court found that the Parentage Act was constitutional and that its language was clear that a child could bring an action to ascertain paternity at any time during the limitations period. The court further noted that the Act also allowed the child to bring an action seeking support from his or her parent. *Miller*, 146 Ill. 2d at 411-12.

We consider it significant that none of these cases involved the situation here where the prior judgment was reached after a trial on the merits. Defendant argues that since the question of paternity has actually been litigated and the mother was given a full opportunity to present evidence, he had a right to rely on the finality of that judgment and not be subjected to further trials. The doctrine of *res judicata* provides that a final judgment on the merits is conclusive as to the rights of the parties, constituting an absolute bar to a subsequent action involving the same claim, demand or cause of action. (*Rodgers v. St. Mary's Hospital* (1992), 149 Ill. 2d 302, 311-12, 597 N.E.2d 616.) The doctrine applies when the second suit is between the same parties and is based upon the same cause of action as the first. (*Stathis v. First Arlington National Bank* (1992), 226 Ill. App. 3d 47, 53, 589 N.E.2d 625.) Collateral estoppel applies when a party participates in two separate and consecutive cases arising from different

causes of action and some controlling factor or question material to the determination of both cases has been adjudicated against the party in the former suit by a court of competent jurisdiction. (*Stathis*, 226 Ill. App. 3d at 53.) Utilization of collateral estoppel requires (1) that the issue be identical, (2) that there be a final judgment on the merits and (3) that the party against whom estoppel is asserted is a party or in privity with a party to the prior adjudication. (*Illinois State Chamber of Commerce v. Pollution Control Board* (1979), 78 Ill. 2d 1, 7, 398 N.E.2d 9.) Defensive use of collateral estoppel involves a defendant who seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost. *In re Owens* (1988), 125 Ill. 2d 390, 397, 532 N.E.2d 248; *Sampson v. Cape Industries Ltd.* (1992), 229 Ill. App. 3d 943, 949, 593 N.E.2d 1158.

In *Simcox v. Simcox*, the court held the child was not a party or privy to a prior dissolution proceeding and not bound by a finding of paternity, unless the child was a party. (*Simcox v. Simcox*, 131 Ill. 2d at 496-97.) However, we find *Simcox* is distinguishable. There the prior action was an uncontested dissolution proceeding, where two prospective fathers were arguing over who was the father. Most significantly, since the judgment was uncontested, there was no adjudication of paternity.

Defendant has cited decisions from other jurisdictions such as *Schwartz v. Public Administrator* (1969), 24 N.Y.2d 65, 246 N.E.2d 725, where the court said only two requirements are necessary for collateral estoppel, identity of issue and a full and fair opportunity to contest the initial decision. He also notes *E.I.B. v. J.R.B* (1992), 259 N.J. Super. 99, 611 A.2d 662, where the court gave preclusive effect to a jury verdict in the father's favor in a 1975 paternity action by the child's mother, and in a 1991 paternity action by the grandmother, emphasizing that, as in this case, the first action was litigated on the merits and both actions were brought by statutory representatives. Common to these Illinois cases is the absence of an adjudication on the merits in the first proceeding. In *Simcox v. Simcox*, for example, the prior action was an uncontested divorce not an adjudication on the merits on the issue of paternity. Here, the record reveals the court considered the testimony of the parties and their witnesses and a stipulation concerning blood tests.

We conclude that Illinois law does not now require defendant to defend another paternity action. Nothing in this record suggests that any different or additional evidence is available. *Res judicata* seeks to limit litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy and serves to protect

persons from being twice vexed for the same cause, but it must also conform to due process, which requires that no person be deprived of personal or property rights without notice and an opportunity to be heard. (*Bernhard v. Bank of America National Trust & Savings Association* (1942), 19 Cal. 2d 807, 811, 122 P.2d 892, 894.) We have had here one fair and full adjudication on the merits where it is apparent that by putting defendant to another trial, we would burden him with additional cost, delay and uncertainty. The Illinois Supreme Court has recently taken a somewhat expanded view of privity in *People ex rel. Burris v. Progressive Land Developers, Inc.* (1992), 151 Ill. 2d 285, 296-97, 602 N.E.2d 820. There the court said that the issue with respect to privity is whether the interests of the party in a second suit were adequately represented in the first action. We judge that in this case the child's interests were adequately represented in the first action. Therefore, as the court did in *Burris*, we conclude that the requirements of *res judicata* were met, and the doctrine bars this action by the child.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

EGAN and GIANNIS, JJ., concur.