14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 James E. WILLIAMS, Plaintiff-Appellant,
v.
A.G. BIERMAN, et al., Defendants-Appellees.
 No. 92-3526.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 17, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 James Williams filed a civil rights action against employees of the Menard Correctional Center for the violation of his First, Sixth and Eighth Amendment rights. 42 U.S.C. Sec. 1983.[1] A jury awarded Williams compensatory damages for defendant Frentzel's refusal to give him newspapers. The district court dismissed Williams' claim that defendants Res, Klienschmidt and Dunn forced him to take showers in dirty, foul-smelling water ("shower claim") for failure to state a claim. The remaining claims, dismissed on the basis of res judicata, alleged that defendant Busch caused hot water to run continuously in Williams' cell for 44 days ("hot water claim") in retaliation for the criminal assault charges filed against Williams at a previous correctional institution, and that defendants Bierman, Chandler, Sloan, Young, Stuthers, Woodside, Cox and Res denied him access to the telephone, his attorney, and the courts. Williams appeals the denial of his motion for a new trial and the dismissal of his hot water claim, telephone and court access claim, and his shower claim.
 
 
 2
 The district court based its dismissal of the hot water and court access claims on a state court judgment rendered July 7, 1988 against Williams. In that case, Williams requested injunctive relief, alleging violations of state law and a state court order allowing him two completed phone calls each month to his attorney. 725 ILCS 5/103-4, 730 ILCS 5/3-8-7, -8-8.
 
 1. Hot Water Claims
 
 3
 Williams argues that his hot water claim against Busch is not barred because he now seeks monetary damages. Furthermore, he contends that the state claim was not adjudicated on the merits because the state court dismissed the case for failure to state a claim.
 
 
 4
 We review a district court's grant of a motion to dismiss de novo. Hinnen v. Kelly, 992 F.2d 140, 142 (7th Cir.1993). To determine the preclusive effect of a state court judgment in a federal case, we are required to apply Illinois law. 28 U.S.C. Sec. 1738; Parsons Steel, Inc. v. First Alabama Bank, 474 U.S. 518, 525 (1986); Lolling v. Patterson, 966 F.2d 230, 235 (7th Cir.1992). Under Illinois law, res judicata, or claim preclusion, requires the identity or privity of parties, identical causes of action, and a final judgment on the merits in the prior suit. Pirela v. Village of North Aurora, 935 F.2d 909, 911 (7th Cir.), cert. denied, 112 S.Ct. 587 (1991).
 
 
 5
 Contrary to Williams' contention, different claims of relief arising from one group of facts do not constitute separate causes of action. Edwards v. City of Quincy, 464 N.E.2d 1125, 1130 (Ill.Ct.App.1984). Instead, courts examine whether both suits arise out of the same group of operative facts (transactional test), or alternatively, whether the evidence necessary to sustain a judgment in the second suit would have sustained the first (same evidence test). Rodgers v. St. Mary's Hospital, 597 N.E.2d 616, 621 (Ill.1992); Pirela 935 F.2d at 912. Claims and defenses involving the same cause of action that could have been presented in state court, but were not, are also barred. Greening v. Moran, 953 F.2d 301, 305 (7th Cir.), cert. denied, 113 S.Ct. 77 (1992).
 
 
 6
 Both this suit and Williams' earlier hot water action arise out of the same operative facts. Furthermore, the evidence Williams would proffer for his Eighth Amendment claim would also have sustained his action under Illinois law. Under the Eighth Amendment, Williams must establish that he was deprived of drinking water, that this deprivation denied him the "minimal civilized measure of life's necessities," and that Busch was deliberately indifferent to the harm caused Williams. Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991); Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although proof of Busch's state of mind was not necessary to establish the state law violations, evidence of drinking water deprivation resulting from disciplinary action was required. 730 ILCS 5/3-7-2(d), 5/3-8-7(b)(1), 5/3-8-8(e). Thus, because evidence in the second suit would have sustained the state case, the causes of action are identical for purposes of claim preclusion.
 
 
 7
 Furthermore, even though the state claim was dismissed, it is considered an adjudication on the merits because the judge did not otherwise specify. Ill.S.Ct.R. 273 ("Unless the order of dismissal otherwise specifies ... an involuntary dismissal ... operates as an adjudication upon the merits"); McGann v. Illinois Hospital Ass'n, Inc., 526 N.E.2d 902, 906 (Ill.Ct.App.), appeal denied, 530 N.E.2d 248 (1988). Finally, Williams had a full and fair opportunity to litigate his constitutional claim at the state court level, but he chose not to do so. See Pirela, 935 F.2d at 913. Thus, we are precluded from examining it now.
 
 2. Telephone/Attorney/Court Access Claim
 
 8
 Williams' Sixth Amendment access claim is actionable insofar as some of the violations cited in his federal lawsuit occurred after his state claim was dismissed. However, the suit against Bierman is barred by claim preclusion. Bierman is named in both suits, both actions are based on the same operative facts, and the evidence proffered in the second suit would have sustained the first. Although the state suit was based on Bierman's violation of a court order permitting Williams two phone calls each month, in both instances, evidence showing that Bierman refused him access to the telephone and that he was thereby denied access to his attorney would sustain the claims. The remaining defendants were not identified in Williams' state claim. Therefore, claim preclusion does not bar suit against defendants Chandler, Sloan, Young, Stuthers, Woodside and Cox because they were not privy to the state action. See Beard v. O'Neal, 728 F.2d 894, 897 (7th Cir.) (public officials sued in their individual capacity are not in privity to other public officials for purposes of res judicata), cert. denied, 469 U.S. 825 (1984).[2]
 
 
 9
 Although defendants argue that collateral estoppal prevents Williams from raising his federal claims, we agree only with respect to defendants Chandler and Sloan. Collateral estoppel, or issue preclusion, bars relitigation when a party participates in two consecutive lawsuits that establish different causes of action, and a controlling fact or question material to both actions was determined in the former suit. Draper ex rel. Crutcher v. Truitt, 621 N.E.2d 202, 205 (Ill.Ct.App.1993). Defendants Chandler and Sloan allegedly deprived Williams of access to his attorney on April 27, 1988 and June 22, 1988, respectively. The state complaint addressed the period from April 25, 1988 to May 31, the date of filing. Defendants moved to dismiss on June 28. Thus, because the state court decided the same issue for a portion of the period raised in Williams' federal claim, he is barred from suit against defendants Chandler and Sloan.
 
 
 10
 The state judgment, however, did not decide a controlling fact or question in the case against defendants Young, Stuthers, Woodside and Cox. Even though Williams alleges the denial of phone access in both cases, the federal charges cite other incidents occurring after the dismissal of his state case that involve different factual situations. Thus, we reverse the district court's order dismissing Williams' suit against defendants Young, Stuthers, Woodside and Cox.
 
 3. Shower Claim
 
 11
 Next, Williams alleges that the shower claim raises factual issues that should be decided by a jury. We review a dismissal for failure to state a claim de novo, Bowman v. City of Franklin, 980 F.2d 1104, 1107 (7th Cir.1992), cert. denied, 113 S.Ct. 2417 (1993), and affirm only if no facts are alleged upon which relief may be granted. Mid America Title Co. v. Kirk, 991 F.2d 417, 419 (7th Cir.), cert. denied, 114 S.Ct. 346 (1993).
 
 
 12
 Failure to maintain minimal sanitary conditions may constitute an Eighth Amendment violation if the prison official's deliberate indifference is established. Wilson, 111 S.Ct. at 2327; see also James v. Milwaukee County, 956 F.2d 696, 700 (7th Cir.), cert. denied, 113 S.Ct. 63 (1992).
 
 
 13
 In this case, Williams complains that during two out of three showers per week over a six month period, the defendants forced him to stand in dirty, foul smelling water that covered the soles of his feet. As a result, he contracted foot skin problems. However, beyond defendants' refusal to remove Williams to another shower, Williams has not alleged that defendants were deliberately indifferent so as to state a cognizable Eighth Amendment claim. Thus, we affirm the district court's dismissal of Williams' shower claim.
 
 
 14
 We AFFIRM the district court's dismissal of Williams' hot water and shower claims, and his telephone and court access claim against defendants Bierman, Chandler and Sloan. We VACATE the court's dismissal of the court access claims against defendants Young, Stuthers, Woodside and Cox and REMAND for further proceedings.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Williams' complaint also alleged a conspiracy claim under 42 U.S.C. Secs. 1985 and 1986. Those claims were dismissed in April 1991 and are not the subject of this appeal
 
 
 [2]
 Williams did not specify in his complaint whether he was suing the defendants in their official or personal capacities. Although we normally presume that a section 1983 claim against a public official is an official capacity suit, we may override the presumption where the parties have treated the suit differently. Conner v. Reinhard, 847 F.2d 384, 394 n. 8 (7th Cir.), cert. denied, 488 U.S. 856 (1988). Because Williams does not assert that defendants' actions resulted from a policy or custom of the State of Illinois, a requisite showing in official capacity cases, we will construe his action as an individual capacity suit. See id